FILED

2010 DEC -7 PM 1: 15

US DISTRICT COURT
MIDDLE DISTRICT OF FL
ORLANDO FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CAREER NETWORK, INC., a Delaware corporation, THREE STARS MEDIA, INC., a Delaware corporation, THREE STARS, INC., a Missouri corporation, d/b/a THREESTARS OF CENTRAL FLORIDA, INC., INTERNETCOMPANY, INC., a Delaware corporation, d/b/a INTERNET-COMPANY OF CENTRAL FLORIDA, INC., MEDIALOGIC, INC., a Delaware corporation, POWER APPLICATIONS, INC., a Delaware corporation, MONKEYJAR, INC., a Delaware corporation, and BUZZGRUB, INC., a Delaware corporation,

CASE NO.: 6:10-CV-1826-ORL-31-KRS

Plaintiffs,

v.

WOT SERVICES, LTD, a Finish Limited partnership, AGAINST INTUITION, INC., a Finish partnership, ESA SUURIO, individually, VESA PERÄLÄ, individually, SAMI TOLVAHEN, individually, TIMO ALA-KLEEMOLA, individually, DAVID STADLER a/k/a g7w, and JOHN AND JANE DOES 1 THROUGH 100, all whose true names are unknown,

Defendants.

_____

DEFENDANT WOT SERVICES, LTD'S
NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant WOT Services, Ltd, by and through its undersigned counsel, files this Notice of Removal to remove this action, originally filed and presently pending in the Circuit Court of the Ninth Judicial Circuit in and for Orange

County, Florida, Case No. 2010-CA-022724-O, to the United States District Court for the Middle District of Florida, Orlando Division, and in support thereof state as follows:

1. On October 7, 2010, Plaintiffs filed an action in the Ninth Judicial District in and for Orange County, Florida, captioned *Career Network, Inc. et al. v. WOT Services, Ltd. et al.*, and assigned Case No. 2010-CA-022724-O.

2. On October 27, 2010, Plaintiffs filed a motion to appoint for service of process, which was granted on October 28, 2010. To date, service of the Complaint was effectuated only on Defendant WOT Services, Ltd on November 18, 2010. The other Defendants have not yet been served in this action.[1] Copies of the Notice of Commencement of Action, Complaint, and all papers and process served upon or received by WOT Services, Ltd are attached to this Notice as Exhibit A, pursuant to 28 U.S.C. § 1446(a).

3. Pursuant to 28 U.S.C. § 1446(b), this Notice is filed within thirty (30) days of receipt of the initial pleading setting forth the claim for relief upon which this action is based.

4. The United States District Court for the Middle District of Florida is the district in which the state court action was filed. *See* 28 U.S.C. § 89(b). This Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441(a) and 1446 because this Court has "diversity" jurisdiction.

---

[1] Defendants who have not yet been served are not required to join in this notice of removal. *See, e.g., C.L.B. v. Frye*, 469 F. Supp. 2d 1115, 1117 n.5 (M.D. Fla. 2006) ("Prior to service, a defendant has no obligation to respond to a complaint or make a decision regarding removal."); *White v. Bombardier Corp.*, 313 F. Supp. 2d 1295, 1300 (N.D. Fla. 2004) ("[I]n order for a defendant's consent to removal to be required, the defendant must have been properly served with process prior to the filing of the notice of removal."). It is anticipated that the unserved defendants will join in removal within 30 days after they are formally served with process.

5. Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

6. For diversity purposes a corporation is a citizen of the state in which it has been incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities," which is also "called the corporation's 'nerve center.'" *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).

7. According to the allegations contained in the Complaint, Plaintiffs are all corporations incorporated under either the law of Delaware or Missouri, and which have their respective principal places of business in either Orlando, Florida, Dallas, Texas, or Atlanta, Georgia. *See* Ex. A -- Compl. ¶¶ 2-8.

8. At the time this action was filed, at the time of this Notice of Removal, and at all relevant times, none of the Defendants are, or have been, citizens of either Delaware, Missouri, Florida, Texas or Georgia. Defendants WOT Services, Ltd. and Against Intuition, Inc. are both corporations organized under the laws of Finland, with their principal place of business in Helsinki, Finland. Ex. A -- Compl. ¶¶ 9-10. Defendants Suurio, Perälä, Tolvahen, and Ala-Kleemola are each individuals residing in Helsinki, Finland. Ex. A -- Compl. ¶¶ 11-14. The other named defendant, David Stadler, is alleged to be a resident of Massillon, Ohio. Ex. A -- Compl. ¶ 15. The residency of any of the unnamed "Doe" defendants is not included in determining whether there is diversity of citizenship for the purposes of removal. *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter the citizenship of defendants sued under

3

fictitious names shall be disregarded."). Accordingly, complete diversity exists between Plaintiffs and Defendants.

9. The Complaint purports to allege causes of action for Defamation Per Quod (Count I), Defamation Per Se (Count II), Interference with Business Relationship (Count III), Injurious Falsehood-Trade Libel (Count IV), Civil Conspiracy (Count V), Fraudulent Misrepresentation (Count V), Misleading Advertising (Count VII), Violation of Florida Deceptive and Unfair Trade Practices Act (Count VIII), and Injunctive Relief (Count IX). *See* Ex. A -- Compl.

10. Although WOT Services, Ltd believes that there is no merit to any of Plaintiffs' claims, based on allegations in Plaintiffs' Complaint which must be accepted as true at this juncture, it is clear that the amount in controversy in this civil action exceeds $75,000, exclusive of interest or costs. The Plaintiffs' Complaint does not expressly specify the total amount of damages, stating only that the damages at issue are "in excess of" the Florida state court jurisdictional requirement of at least $15,000. Ex. A -- Compl. ¶ 1. Despite this averment, the allegations in the Complaint indicate that the harm Plaintiffs allege to have suffered implicate damages substantially in excess of $75,000.

11. According to the Plaintiffs' Complaint, at issue are tens of thousands of allegedly defamatory statements, which Plaintiffs contend have harmed their businesses and reputations because the authors of those statements accuse Plaintiffs of engaging in criminal and fraudulent activity. Ex. A -- Compl. ¶¶ 48-60. Plaintiffs aver that these "false, defamatory and injurious statements exposed Plaintiffs and Associates to distrust, hatred, contempt, ridicule and embarrassment." Ex. A -- Compl. ¶ 89. The amount of such damages can be significant, and in

some cases have been in the hundreds of thousands of dollars. *Coton v. Televised Visual X-Ography, Inc.*, 2010 U.S. Dist. LEXIS 96887, at *35-36 (M.D. Fla. Sept. 16, 2010) (awarding $100,000 in compensatory defamation damages and citing *Fleming v. Gadsden County Times*, 1988 WL 500044 (Fla. Cir. Ct. 1988), as an example of a "jury award of $865,000 in compensatory damages for a newspaper article linking the plaintiff and his company to a federal criminal investigation").

12. Apart from the alleged harm to Plaintiffs' general reputation and embarrassment they claim to have suffered, in support of their allegations of interference with business relationships, trade libel, civil conspiracy, fraudulent misrepresentation, and misleading advertising claims Plaintiffs also allege that they "have suffered pecuniary loss in the form of lost business revenues and business contracts." Ex. A -- Compl. ¶¶120, 133, 141; *see also* Compl. ¶ 113 (alleging that Plaintiffs "have suffered damages to their existing business relationships and *continue* to suffer damages") (emphasis added); Compl. ¶ 124 (alleging that Plaintiffs have been exposed to "*serious* economic harm as well as harm to their respective business reputations").

13. Upon information and belief, Plaintiffs operate numerous profitable internet websites. Because they allege "serious" and ongoing financial harm to these businesses in the form of lost revenues, contracts, and business relationships, if there were any merit to Plaintiffs' claims, such financial harm would be far in excess of $75,000. The information communicated to WOT Services, Ltd by Plaintiffs prior to filing this suit confirms that the alleged damages Plaintiffs seek to recover exceed this amount. For example, in 2009, Plaintiffs advised WOT Services, Ltd that the alleged defamatory comments concerning the Monkey Jar website had

such a significant impact on Plaintiffs' new customer registrations and profits that it required Plaintiffs to lay off several employees. If the alleged financial harm Plaintiffs claim to have suffered includes *at least* the salaries of several employees and that harm is ongoing for more than a year and continuing, it is reasonable to conclude that Plaintiffs' claimed damages exceed $75,000.

14. Accordingly, the allegations in Plaintiffs' Complaint and the information communicated by Plaintiffs to WOT Services, Ltd makes clear that Plaintiffs are seeking damages that are substantially in excess of $75,000, thus satisfying the amount-in-controversy requirement.

15. The WOT Services, Ltd are filing a copy of this notice with the Circuit Court for the Ninth Judicial Circuit in and for Orange County, Florida, as required by 28 U.S.C. § 1446(d).

16. In removing this action, WOT Services, Ltd does not intend to waive any rights or defenses to which they are otherwise entitled to under the Federal Rules of Civil Procedure.

17. This Notice of Removal is signed pursuant to Rule 11, Fed. R. Civ. P. and in accordance with 28 U.S.C. § 1446. The statements and allegations contained herein are true and correct to the best of the knowledge and belief of the undersigned based upon review of the material available, including Exhibit A hereto.

18. Based on the foregoing, WOT Services, Ltd has met its burden of establishing that this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) and that this action is one which may be removed to this Court pursuant to 28 U.S.C. § 1441 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

WHEREFORE, Defendant WOT Services, Ltd respectfully requests that this action, currently pending in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida be removed to the United States District Court for the Middle District of Florida, Orlando Division.

Dated: December 6, 2010

*Of Counsel:*

Sandra A. Jeskie
(motion *pro hac vice* to be filed)
jeskie@duanemorris.com
Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103-4196
Telephone: 215.979.1395
Facsimile: 215.979.1020

**DUANE MORRIS LLP**
200 South Biscayne Boulevard, Suite 3400
Miami, Florida 33131
Telephone: 305.960.2200
Facsimile: 305.960.2201

_____
Harvey W. Gurland, Jr., P.A
Florida Bar No.: 284033
HWGurland@duanemorris.com
Warren D. Zaffuto
Florida Bar No. 0743461
WDZaffuto@duanemorris.com

*Counsel for Defendant WOT Services, Ltd.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing WOT Services, Ltd.'s Notice of Removal was served this ___6th___ day of December, 2010 via First Class U.S. Mail to the following:

>Myra P. Nicholson
>Myra Nicholson, P.A.
>1743 Park Center Drive
>Orlando, Florida 32825

*Attorney for Plaintiffs*

By: _____
Warren D. Zaffuto

DM1\2421797.2