UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
CASE NO.: 6:10-cv-01826-GAP-KRS

CAREER NETWORK, INC., a Delaware corporation, THREE STARS MEDIA, INC., a Delaware corporation, THREE STARS, INC., a Missouri corporation, d/b/a THREESTARS OF CENTRAL FLORIDA, INC., INTERNETCOMPANY, INC., a Delaware corporation, d/b/a INTERNET-COMPANY OF CENTRAL FLORIDA, INC., MEDIALOGIC, INC., a Delaware corporation, POWER APPLICATIONS, INC., a Delaware corporation, MONKEYJAR, INC., a Delaware corporation, and BUZZGRUB, INC., a Delaware corporation,

   Plaintiffs,

v.

WOT SERVICES, LTD., a Finish Limited partnership, AGAINST INTUITION, INC., a Finish partnership, ESA SUURIO, individually, VESA PERÄLÄ, individually, SAMI TOLVAHEN, individually, TIMO ALA-KLEEMOLA, individually, DAVID STADLER a/k/a g7w, and JOHN AND JANE DOES 1 THROUGH 100, all whose true names are unknown,

   Defendants.

**DEFENDANTS WOT SERVICES, LTD. AND AGAINST
<u>INTUITION INC.'S AMENDED NOTICE OF REMOVAL</u>**

  Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants WOT Services, Ltd. and

Against Intuition, Inc., by and through their undersigned counsel, file this Amended Notice of

Removal to remove this action. A Notice of Removal (DE 1) was originally filed on behalf of Defendant WOT Services, Ltd. on December 7, 2010 to remove this case from the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, Case No. 2010-CA-022724-O, to the United States District Court for the Middle District of Florida, Orlando Division. Defendants WOT Services, Ltd. and Against Intuition, Inc. file this Amended Notice to clarify that both WOT Services, Ltd. and Against Intuition, Inc. were served with the Complaint in this matter on November 18, 2010 and that Defendant Against Intuition, Inc. joins Defendant WOT Services, Ltd. in the removal of this action to Federal Court. In support of the Amended Notice of Removal, WOT Services, Ltd. and Against Intuition, Inc. state as follows:

1. On October 7, 2010, Plaintiffs filed an action in the Ninth Judicial District in and for Orange County, Florida, captioned *Career Network, Inc. et al. v. WOT Services, Ltd. et al.,* and assigned Case No. 2010-CA-022724-O.

2. On October 27, 2010, Plaintiffs filed a motion to appoint for service of process, which was granted on October 28, 2010.

3. The Complaint was effectuated on Defendants WOT Services, Ltd. and Against Intuition, Inc. on November 18, 2010. The other Defendants have not yet been served in this action.[1] Copies of the Notice of Commencement of Action, Complaint, and all papers and

---

[1] Defendants who have not yet been served are not required to join in this notice of removal. *See, e.g.*, *C.L.B. v. Frye*, 469 F. Supp. 2d 1115, 1117 n.5 (M.D. Fla. 2006) ("Prior to service, a defendant has no obligation to respond to a complaint or make a decision regarding removal."); *White v. Bombardier Corp.*, 313 F. Supp. 2d 1295, 1300 (N.D. Fla. 2004) ("[I]n order for a defendant's consent to removal to be required, the defendant must have been properly served with process prior to the filing of the notice of removal."). It is anticipated that the unserved defendants will join in removal within 30 days after they are formally served with process.

process served upon or received by Defendant WOT Services, Ltd. and Against Intuition Inc. are attached to this Amended Notice as Exhibit A, pursuant to 28 U.S.C. § 1446(a).

4. Defendants WOT Services, Ltd. and Against Intuition Inc. are different trade names for the same company. Against Intuition Inc. is an auxiliary trade name which is no longer actively used. Business is now conducted under the name WOT Services, Ltd. Because both Defendants WOT Services, Ltd. and Against Intuition Inc. are the same company, this Amended Notice clarifies that both Defendants WOT Services, Ltd. and Against Intuition, Inc. were served on November 18, 2010 and that Defendant Against Intuition, Inc. joins Defendant WOT Services, Ltd. in the removal of this action to Federal Court.

5. Both the original Notice of Removal and this Amended Notice of Removal are timely because they have been filed within thirty (30) days after Defendant WOT Services, Ltd. and Against Intuition Inc.'s receipt of the complaint on November 18, 2010, which was "the initial pleading setting forth the claim for relief upon which [the] action … is based." 28 U.S.C. § 1446(b).

6. The United States District Court for the Middle District of Florida is the district in which the state court action was filed. *See* 28 U.S.C. § 89(b). This Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441(a) and 1446 because this Court has "diversity" jurisdiction.

7. Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

8. For diversity purposes a corporation is a citizen of the state in which it has been incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A

corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities," which is also "called the corporation's 'nerve center.'" *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).

9. According to the allegations contained in the Complaint, Plaintiffs are all corporations incorporated under either the law of Delaware or Missouri, and which have their respective principal places of business in either Orlando, Florida, Dallas, Texas, or Atlanta, Georgia. *See* Ex. A -- Compl. ¶¶ 2-8.

10. At the time this action was filed, at the time of this Amended Notice of Removal, and at all relevant times, none of the Defendants are, or have been, citizens of either Delaware, Missouri, Florida, Texas or Georgia. Defendants WOT Services, Ltd. and Against Intuition, Inc. are both corporations organized under the laws of Finland, with their principal place of business in Helsinki, Finland. Ex. A -- Compl. ¶¶ 9-10. Defendants Suurio, Perälä, Tolvahen, and Ala-Kleemola are each individuals residing in Helsinki, Finland. Ex. A -- Compl. ¶¶ 11-14. The other named defendant, David Stadler, is alleged to be a resident of Massillon, Ohio. Ex. A -- Compl. ¶ 15. The residency of any of the unnamed "Doe" defendants is not included in determining whether there is diversity of citizenship for the purposes of removal. *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter the citizenship of defendants sued under fictitious names shall be disregarded."). Accordingly, complete diversity exists between Plaintiffs and Defendants.

11. The Complaint purports to allege causes of action for Defamation Per Quod (Count I), Defamation Per Se (Count II), Interference with Business Relationship (Count III), Injurious Falsehood-Trade Libel (Count IV), Civil Conspiracy (Count V), Fraudulent

Misrepresentation (Count V), Misleading Advertising (Count VII), Violation of Florida Deceptive and Unfair Trade Practices Act (Count VIII), and Injunctive Relief (Count IX). *See* Ex. A -- Compl.

      12.     Although Defendants WOT Services, Ltd. and Against Intuition Inc. believe that there is no merit to any of Plaintiffs' claims, based on allegations in Plaintiffs' Complaint which must be accepted as true at this juncture, it is clear that the amount in controversy in this civil action exceeds $75,000, exclusive of interest or costs. The Plaintiffs' Complaint does not expressly specify the total amount of damages, stating only that the damages at issue are "in excess of" the Florida state court jurisdictional requirement of at least $15,000. Ex. A -- Compl. ¶ 1. Despite this averment, the allegations in the Complaint indicate that the harm Plaintiffs allege to have suffered implicate damages substantially in excess of $75,000.

      13.     According to the Plaintiffs' Complaint, at issue are tens of thousands of allegedly defamatory statements, which Plaintiffs contend have harmed their businesses and reputations because the authors of those statements accuse Plaintiffs of engaging in criminal and fraudulent activity. Ex. A -- Compl. ¶¶ 48-60. Plaintiffs aver that these "false, defamatory and injurious statements exposed Plaintiffs and Associates to distrust, hatred, contempt, ridicule and embarrassment." Ex. A -- Compl. ¶ 89. The amount of such damages can be significant, and in some cases have been in the hundreds of thousands of dollars. *Coton v. Televised Visual X-Ography, Inc.*, 2010 U.S. Dist. LEXIS 96887, at *35-36 (M.D. Fla. Sept. 16, 2010) (awarding $100,000 in compensatory defamation damages and citing *Fleming v. Gadsden County Times*, 1988 WL 500044 (Fla. Cir. Ct. 1988), as an example of a "jury award of $865,000 in

5

compensatory damages for a newspaper article linking the plaintiff and his company to a federal criminal investigation").

14.     Apart from the alleged harm to Plaintiffs' general reputation and embarrassment they claim to have suffered, in support of their allegations of interference with business relationships, trade libel, civil conspiracy, fraudulent misrepresentation, and misleading advertising claims Plaintiffs also allege that they "have suffered pecuniary loss in the form of lost business revenues and business contracts."  Ex. A -- Compl. ¶¶120, 133, 141; *see also* Compl. ¶ 113 (alleging that Plaintiffs "have suffered damages to their existing business relationships and *continue* to suffer damages") (emphasis added); Compl. ¶ 124 (alleging that Plaintiffs have been exposed to "*serious* economic harm as well as harm to their respective business reputations").

15.     Upon information and belief, Plaintiffs operate numerous profitable internet websites.  Because they allege "serious" and ongoing financial harm to these businesses in the form of lost revenues, contracts, and business relationships, if there were any merit to Plaintiffs' claims, such financial harm would be far in excess of $75,000.  The information communicated to Defendant WOT Services, Ltd. by Plaintiffs prior to filing this suit confirms that the alleged damages Plaintiffs seek to recover exceed this amount.  For example, in 2009, Plaintiffs advised Defendant WOT Services, Ltd. that the alleged defamatory comments concerning the Monkey Jar website had such a significant impact on Plaintiffs' new customer registrations and profits that it required Plaintiffs to lay off several employees.  If the alleged financial harm Plaintiffs claim to have suffered includes *at least* the salaries of several employees and that harm is

ongoing for more than a year and continuing, it is reasonable to conclude that Plaintiffs' claimed damages exceed $75,000.

16. Accordingly, the allegations in Plaintiffs' Complaint and the information communicated by Plaintiffs to Defendant WOT Services, Ltd. makes clear that Plaintiffs are seeking damages that are substantially in excess of $75,000, thus satisfying the amount-in-controversy requirement.

17. Pursuant to 28 U.S.C. § 1446(d), a copy of this Amended Notice of Removal is being filed with the Circuit Court for the Ninth Judicial Circuit in and for Orange County, Florida.

18. In removing this action, Defendants WOT Services, Ltd. and Against Intuition Inc. do not intend to waive any rights or defenses to which they are otherwise entitled to under the Federal Rules of Civil Procedure.

19. This Amended Notice of Removal is signed pursuant to Rule 11, Fed. R. Civ. P. and in accordance with 28 U.S.C. § 1446. The statements and allegations contained herein are true and correct to the best of the knowledge and belief of the undersigned based upon review of the material available, including Exhibit A attached hereto.

20. Based on the foregoing, Defendants WOT Services, Ltd. and Against Intuition Inc. have met their burden of establishing that this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) and that this action is one which may be removed to this Court pursuant to 28 U.S.C. § 1441 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

WHEREFORE, Defendants WOT Services, Ltd. and Against Intuition Inc. respectfully request that this action, currently pending in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida be removed to the United States District Court for the Middle District of Florida, Orlando Division.

Dated:  December 9, 2010

*Of Counsel:*

Sandra A. Jeskie
(motion  *pro hac vice* to be filed)
jeskie@duanemorris.com
Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103-4196
Telephone:  215.979.1395
Facsimile:  215.979.1020

**DUANE MORRIS LLP**
200 South Biscayne Boulevard, Suite 3400
Miami, Florida 33131
Telephone: 305.960.2200
Facsimile:  305.960.2201


         s/ Warren D. Zaffuto         _
Harvey W. Gurland, Jr., P.A
Florida Bar No.:  284033
HWGurland@duanemorris.com
Warren D. Zaffuto
Florida Bar No. 0743461
WDZaffuto@duanemorris.com

*Counsel for Defendants WOT Services, Ltd.
and Against Intuition, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of December, 2010, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF which will send a notice of electronic filing to the following:   Myra P. Nicholson, Esq., Myra Nicholson, P.A., 1743 Park, Center Drive, Orlando, Florida 32825.

         s/ Warren D. Zaffuto            __
            Warren D. Zaffuto

DM1\2431341.2