# Exhibit "A"
# (Part 4 of 7)

**IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT**
**IN AND FOR ORANGE COUNTY, FLORIDA**

**CAREER NETWORK, INC., a Delaware corporation, THREE STARS MEDIA, INC., a Delaware corporation, THREE STARS, INC., a Missouri corporation, d/b/a THREESTARS OF CENTRAL FLORIDA, INC., INTERNETCOMPANY, INC., a Delaware corporation, d/b/a INTERNET- COMPANY OF CENTRAL FLORIDA, INC., MEDIALOGIC, INC., a Delaware corporation, POWER APPLICATIONS, INC., a Delaware corporation, MONKEYJAR, INC., a Delaware corporation, and BUZZGRUB, INC., a Delaware corporation,**

**Plaintiffs,**

**v.** **CASE NO.: 10-CA-22724**

**WOT SERVICES, LTD, a Finish Limited partnership, AGAINST INTUITION, INC., a Finish partnership, ESA SUURIO, individually, VESA PERÄLÄ, individually, SAMI TOLVAHEN, individually, TIMO ALA-KLEEMOLA, individually, DAVID STADLER a/k/a g7w, and JOHN AND JANE DOES 1 THROUGH 100, all whose true names are unknown,**

**Defendants.**

______________________________/

**DEFENDANT WOT SERVICES, LTD'S**
**NOTICE OF FILING FOR REMOVAL**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant WOT Services, Ltd, hereby notifies this Court that it has this day removed this action to the United States District Court for the Middle District of Florida, Orlando Division. A true and correct copy of Defendant's Notice of Removal ("Notice") filed in the District Court is attached hereto as Exhibit "A".

PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1446, the filing of the Notice removes this action from the Circuit Court of the Ninth Judicial Circuit, in and for Orange

County, Florida, and this Court is respectfully requested to proceed no further in this action unless and until such time as the action may be remanded by order of the United States District Court.

Dated: December 6, 2010

**DUANE MORRIS LLP**
200 South Biscayne Boulevard, Suite 3400
Miami, Florida 33131
Telephone: 305.960.2200
Facsimile: 305.960.2201

Harvey W. Gurland, Jr., P.A
Florida Bar No.: 284033
HWGurland@duanemorris.com
Warren D. Zaffuto
Florida Bar No. 0743461
WDZaffuto@duanemorris.com

*Counsel for Defendant WOT Services, Ltd.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 6, 2010, a true and correct copy of the foregoing DEFENDANT WOT SERVICES, LTD'S NOTICE OF FILING NOTICE OF REMOVAL was furnished by U.S. mail to:

**Myra P. Nicholson**
**Myra Nicholson, P.A.**
**1743 Park Center Drive**
**Orlando, Florida 32825**

By: W Zaffuto
Warren D. Zaffuto

DM1\2422274.1

# EXHIBIT "A"

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CAREER NETWORK, INC., a Delaware corporation, THREE STARS MEDIA, INC., a Delaware corporation, THREE STARS, INC., a Missouri corporation, d/b/a THREESTARS OF CENTRAL FLORIDA, INC., INTERNETCOMPANY, INC., a Delaware corporation, d/b/a INTERNET-COMPANY OF CENTRAL FLORIDA, INC., MEDIALOGIC, INC., a Delaware corporation, POWER APPLICATIONS, INC., a Delaware corporation, MONKEYJAR, INC., a Delaware corporation, and BUZZGRUB, INC., a Delaware corporation,**

**CASE NO.:**

**Plaintiffs,**

**v.**

**WOT SERVICES, LTD, a Finish Limited partnership, AGAINST INTUITION, INC., a Finish partnership, ESA SUURIO, individually, VESA PERÄLÄ, individually, SAMI TOLVAHEN, individually, TIMO ALA-KLEEMOLA, individually, DAVID STADLER a/k/a g7w, and JOHN AND JANE DOES 1 THROUGH 100, all whose true names are unknown,**

**Defendants.**

**DEFENDANT WOT SERVICES, LTD'S**
**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant WOT Services, Ltd, by and through its undersigned counsel, files this Notice of Removal to remove this action, originally filed and presently pending in the Circuit Court of the Ninth Judicial Circuit in and for Orange

County, Florida, Case No. 2010-CA-022724-O, to the United States District Court for the Middle District of Florida, Orlando Division, and in support thereof state as follows:

1. On October 7, 2010, Plaintiffs filed an action in the Ninth Judicial District in and for Orange County, Florida, captioned *Career Network, Inc. et al. v. WOT Services, Ltd. et al.*, and assigned Case No. 2010-CA-022724-O.

2. On October 27, 2010, Plaintiffs filed a motion to appoint for service of process, which was granted on October 28, 2010. To date, service of the Complaint was effectuated only on Defendant WOT Services, Ltd on November 18, 2010. The other Defendants have not yet been served in this action.[1] Copies of the Notice of Commencement of Action, Complaint, and all papers and process served upon or received by WOT Services, Ltd are attached to this Notice as Exhibit A, pursuant to 28 U.S.C. § 1446(a).

3. Pursuant to 28 U.S.C. § 1446(b), this Notice is filed within thirty (30) days of receipt of the initial pleading setting forth the claim for relief upon which this action is based.

4. The United States District Court for the Middle District of Florida is the district in which the state court action was filed. *See* 28 U.S.C. § 89(b). This Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441(a) and 1446 because this Court has "diversity" jurisdiction.

---

[1] Defendants who have not yet been served are not required to join in this notice of removal. *See, e.g., C.L.B. v. Frye*, 469 F. Supp. 2d 1115, 1117 n.5 (M.D. Fla. 2006) ("Prior to service, a defendant has no obligation to respond to a complaint or make a decision regarding removal."); *White v. Bombardier Corp.*, 313 F. Supp. 2d 1295, 1300 (N.D. Fla. 2004) ("[I]n order for a defendant's consent to removal to be required, the defendant must have been properly served with process prior to the filing of the notice of removal."). It is anticipated that the unserved defendants will join in removal within 30 days after they are formally served with process.

5. Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

6. For diversity purposes a corporation is a citizen of the state in which it has been incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities," which is also "called the corporation's 'nerve center.'" *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).

7. According to the allegations contained in the Complaint, Plaintiffs are all corporations incorporated under either the law of Delaware or Missouri, and which have their respective principal places of business in either Orlando, Florida, Dallas, Texas, or Atlanta, Georgia. *See* Ex. A -- Compl. ¶¶ 2-8.

8. At the time this action was filed, at the time of this Notice of Removal, and at all relevant times, none of the Defendants are, or have been, citizens of either Delaware, Missouri, Florida, Texas or Georgia. Defendants WOT Services, Ltd. and Against Intuition, Inc. are both corporations organized under the laws of Finland, with their principal place of business in Helsinki, Finland. Ex. A -- Compl. ¶¶ 9-10. Defendants Suurio, Perälä, Tolvahen, and Ala-Kleemola are each individuals residing in Helsinki, Finland. Ex. A -- Compl. ¶¶ 11-14. The other named defendant, David Stadler, is alleged to be a resident of Massillon, Ohio. Ex. A -- Compl. ¶ 15. The residency of any of the unnamed "Doe" defendants is not included in determining whether there is diversity of citizenship for the purposes of removal. *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter the citizenship of defendants sued under

fictitious names shall be disregarded."). Accordingly, complete diversity exists between Plaintiffs and Defendants.

9. The Complaint purports to allege causes of action for Defamation Per Quod (Count I), Defamation Per Se (Count II), Interference with Business Relationship (Count III), Injurious Falsehood-Trade Libel (Count IV), Civil Conspiracy (Count V), Fraudulent Misrepresentation (Count V), Misleading Advertising (Count VII), Violation of Florida Deceptive and Unfair Trade Practices Act (Count VIII), and Injunctive Relief (Count IX). *See* Ex. A -- Compl.

10. Although WOT Services, Ltd believes that there is no merit to any of Plaintiffs' claims, based on allegations in Plaintiffs' Complaint which must be accepted as true at this juncture, it is clear that the amount in controversy in this civil action exceeds $75,000, exclusive of interest or costs. The Plaintiffs' Complaint does not expressly specify the total amount of damages, stating only that the damages at issue are "in excess of" the Florida state court jurisdictional requirement of at least $15,000. Ex. A -- Compl. ¶ 1. Despite this averment, the allegations in the Complaint indicate that the harm Plaintiffs allege to have suffered implicate damages substantially in excess of $75,000.

11. According to the Plaintiffs' Complaint, at issue are tens of thousands of allegedly defamatory statements, which Plaintiffs contend have harmed their businesses and reputations because the authors of those statements accuse Plaintiffs of engaging in criminal and fraudulent activity. Ex. A -- Compl. ¶¶ 48-60. Plaintiffs aver that these "false, defamatory and injurious statements exposed Plaintiffs and Associates to distrust, hatred, contempt, ridicule and embarrassment." Ex. A -- Compl. ¶ 89. The amount of such damages can be significant, and in

some cases have been in the hundreds of thousands of dollars. *Coton v. Televised Visual X-Ography, Inc.*, 2010 U.S. Dist. LEXIS 96887, at *35-36 (M.D. Fla. Sept. 16, 2010) (awarding $100,000 in compensatory defamation damages and citing *Fleming v. Gadsden County Times*, 1988 WL 500044 (Fla. Cir. Ct. 1988), as an example of a "jury award of $865,000 in compensatory damages for a newspaper article linking the plaintiff and his company to a federal criminal investigation").

12. Apart from the alleged harm to Plaintiffs' general reputation and embarrassment they claim to have suffered, in support of their allegations of interference with business relationships, trade libel, civil conspiracy, fraudulent misrepresentation, and misleading advertising claims Plaintiffs also allege that they "have suffered pecuniary loss in the form of lost business revenues and business contracts." Ex. A -- Compl. ¶¶120, 133, 141; *see also* Compl. ¶ 113 (alleging that Plaintiffs "have suffered damages to their existing business relationships and *continue* to suffer damages") (emphasis added); Compl. ¶ 124 (alleging that Plaintiffs have been exposed to "*serious* economic harm as well as harm to their respective business reputations").

13. Upon information and belief, Plaintiffs operate numerous profitable internet websites. Because they allege "serious" and ongoing financial harm to these businesses in the form of lost revenues, contracts, and business relationships, if there were any merit to Plaintiffs' claims, such financial harm would be far in excess of $75,000. The information communicated to WOT Services, Ltd by Plaintiffs prior to filing this suit confirms that the alleged damages Plaintiffs seek to recover exceed this amount. For example, in 2009, Plaintiffs advised WOT Services, Ltd that the alleged defamatory comments concerning the Monkey Jar website had

such a significant impact on Plaintiffs' new customer registrations and profits that it required Plaintiffs to lay off several employees. If the alleged financial harm Plaintiffs claim to have suffered includes *at least* the salaries of several employees and that harm is ongoing for more than a year and continuing, it is reasonable to conclude that Plaintiffs' claimed damages exceed $75,000.

14. Accordingly, the allegations in Plaintiffs' Complaint and the information communicated by Plaintiffs to WOT Services, Ltd makes clear that Plaintiffs are seeking damages that are substantially in excess of $75,000, thus satisfying the amount-in-controversy requirement.

15. The WOT Services, Ltd are filing a copy of this notice with the Circuit Court for the Ninth Judicial Circuit in and for Orange County, Florida, as required by 28 U.S.C. § 1446(d).

16. In removing this action, WOT Services, Ltd does not intend to waive any rights or defenses to which they are otherwise entitled to under the Federal Rules of Civil Procedure.

17. This Notice of Removal is signed pursuant to Rule 11, Fed. R. Civ. P. and in accordance with 28 U.S.C. § 1446. The statements and allegations contained herein are true and correct to the best of the knowledge and belief of the undersigned based upon review of the material available, including Exhibit A hereto.

18. Based on the foregoing, WOT Services, Ltd has met its burden of establishing that this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) and that this action is one which may be removed to this Court pursuant to 28 U.S.C. § 1441 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

WHEREFORE, Defendant WOT Services, Ltd respectfully requests that this action, currently pending in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida be removed to the United States District Court for the Middle District of Florida, Orlando Division.

Dated: December 6, 2010

**DUANE MORRIS LLP**
200 South Biscayne Boulevard, Suite 3400
Miami, Florida 33131
Telephone: 305.960.2200
Facsimile: 305.960.2201

Harvey W. Gurland, Jr., P.A
Florida Bar No.: 284033
HWGurland@duanemorris.com
Warren D. Zaffuto
Florida Bar No. 0743461
WDZaffuto@duanemorris.com

*Counsel for Defendant WOT Services, Ltd.*

*Of Counsel:*

Sandra A. Jeskie
(motion *pro hac vice* to be filed)
jeskie@duanemorris.com
Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103-4196
Telephone: 215.979.1395
Facsimile: 215.979.1020

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing WOT Services, Ltd.'s Notice of Removal was served this 6th day of December, 2010 via First Class U.S. Mail to the following:

Myra P. Nicholson
Myra Nicholson, P.A.
1743 Park Center Drive
Orlando, Florida 32825

*Attorney for Plaintiffs*

By: ______________________
Warren D. Zaffuto

# EXHIBIT "A"

**IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT IN AND FOR ORANGE COUNTY, FLORIDA**

**CAREER NETWORK, INC., a Delaware corporation,**
**THREE STARS MEDIA, INC., a Delaware corporation,**
**THREE STARS, INC., a Missouri corporation,**
**D/B/A THREESTARS OF CENTRAL FLORIDA, INC.**
**INTERNETCOMPANY, INC., a Delaware corporation,**
**D/B/A INTERNET-COMPANY OF CENTRAL FLORIDA, INC.,**
**MEDIALOGIC, INC., a Delaware corporation,**
**POWER APPLICATIONS, INC., a Delaware corporation,**
**MONKEYJAR, INC., a Delaware corporation, and**
**BUZZGRUB, INC., a Delaware corporation,**
**Plaintiffs,**

**vs.** **CASE NO.:** 10-CA-22724
**INJUNCTIVE RELIEF SOUGHT**

**WOT SERVICES, LTD, a Finnish Limited partnership,**
**AGAINST INTUITION, INC., a Finnish corporation,**
**ESA SUURIO, individually,**
**VESA PERĀLĀ, individually,**
**SAMI TOLVAHEN, individually,**
**TIMO ALA-KLEEMOLA, individually,**
**DAVID STADLER aka g7w, and**
**JOHN AND JANE DOES 1 THROUGH 100,**
**all whose true names are unknown,**
**Defendants.**
______________________________/

FILED IN OFFICE
CIVIL DIVISION
2010 OCT -7 PM 2:28
LYDIA GARDNER
CLERK CIRCUIT COURT
ORANGE CO. FL

## COMPLAINT

Plaintiffs, Career Network, Inc., Three Stars Media, Inc., Three Stars, Inc. (doing business in Florida as Threestars of Central Florida, Inc.), Internetcompany, Inc. (doing business in Florida as Internet-Company of Central Florida, Inc.), Power Applications, Inc., MonkeyJar, Inc., and Buzzgrub, Inc. (collectively "Plaintiffs") by and through their undersigned attorney, file this Complaint against WOT Services, Ltd., Against Intuition, Inc., Esa Suurio, Vesa Perālā, Sami Tolvahen, and Timo Ala-Kleemola (collectively the "WOT Defendants") David Stadler, and

John and Jane Does 1 through 100 (all Defendants collectively referred to as "Defendants") and state as follows:

**INTRODUCTION**

1. This is an action at law and in equity for damages in excess of $15,000 to remedy acts of malicious, willful and intentional defamation, interference with business relationships, trade libel, civil conspiracy, fraudulent misrepresentation, misleading advertising, and violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") caused by Defendants' unauthorized Internet disparagement of Plaintiffs and entities and persons associated with Plaintiffs ("Associates"). Defendants have posted and continue to post false and inflammatory statements designed to intentionally attack and discredit Plaintiffs and Associates on the Internet. Defendants' defamatory attacks and false statements have caused damages to Plaintiffs and Associates in the past and such damages will continue in the future.

**PARTIES**

2. Career Network, Inc. ("CNI") is a Delaware corporation authorized to do business in Florida with its principal place of business in Orlando, Florida.

3. Three Stars Media, Inc. ("TSM") is a Delaware corporation authorized to do business in Florida with its principal place of business in Orlando, Florida.

4. Three Stars Inc. ("TSI") is a Missouri corporation authorized to do business in Florida under the name Threestars of Central Florida, Inc., with its principal place of business in Orlando, Florida.

5. Internetcompany, Inc. ("ICI") is a Delaware corporation authorized to do business in Florida under the name of Internet-Company of Central Florida, Inc., with its principal place of business in Orlando, Florida.

6. Power Applications, Inc. ("PAI") is a Delaware corporation authorized to do business in Florida with its principal place of business in Orlando, Florida.

7. MonkeyJar, Inc. ("MJI") is a Delaware corporation with its principal place of business in Dallas, Texas.

8. Buzzgrub, Inc. ("BGI") is a Delaware corporation with its principal place of business in Atlanta, Georgia.

9. Upon information and belief, WOT Services, Ltd. ("WOT Services") is organized and existing under the laws of Finland with its principal place of business in Helsinki Finland.

10. Upon information and belief, Against Intuition, Inc. ("AII") is organized and existing under the laws of Finland with its principal place of business in Helsinki Finland.

11. Upon information and belief, Esa Suurio ("Suurio") is a resident of Helsinki Finland and is *sui juris*.

12. Upon information and belief, Vesa Perälä ("Perälä") is a resident of Helsinki Finland and is *sui juris*.

13. Upon information and belief, Sami Tolvahen ("Tolvahen") is a resident of Helsinki Finland and is *sui juris*.

14. Upon information and belief, Timo Ala-Kleemola ("Ala-Kleemola") is a resident of Helsinki Finland and is *sui juris*.

15. Upon information and belief, David Stadler aka g7w ("g7w") is a resident of Massillon, Ohio and is *sui juris*.

16. Upon information and belief, John and Jane Does 1 through 100 ("Doe Defendants") are individuals whose names and addresses of residence are unknown.

**JURISDICTION AND VENUE**

17. The Court has personal jurisdiction over the Defendants pursuant to *Fla. Stat.* §48.193(1)(b) as Defendants have entered into the United States and the State of Florida, via intentional and purposeful electronic communications, with sufficient minimal contacts and committed intentional torts, or in the alternative, have committed tortious conduct outside of the State of Florida with the specific intent and knowledge that an injury would occur in the State of Florida.

18. Defendants have posted and continue to post defamatory statements about Plaintiffs and Associates on websites. These postings are accessible in Florida and have been accessed in Florida.

19. Venue is proper in this judicial circuit as a result of Defendants' intentional, tortious and unlawful conduct which substantially occurred within this judicial circuit and Plaintiffs and Associates, who reside in and transact their principal businesses within this judicial circuit, have suffered tortious injuries within this district as a result of Defendants' conduct.

**STATEMENT OF FACTS**

20. Plaintiffs and Associates operate Internet marketing businesses, including job posting boards and online shopping communities.

21. Upon information and belief WOT Defendants, AII, and WOT Services offer the Web of Trust (hereinafter referred to the "Website") (www.mywot.com) a self described "website rating service".

22. Upon information and belief, Suuiro was the Chief Executive Officer of Defendants AII and WOT Services until mid 2009.

23. Upon information and belief, Perälä is the current Chief Executive Officer of AII and WOT Services.

24. Upon information and belief, Tolvahen was a co-founder of AII and WOT Services, a co-developer of the WOT rating system, and currently maintains an affiliation with AII and WOT Services.

25. Upon information and belief, Ala-Kleemola was a co-founder of AII and WOT Services, a co-developer of the WOT rating system, and currently maintains an affiliation with AII and WOT Services.

26. Upon information and belief, g7w is a member of the Website community.

27. Upon information and belief, the Doe Defendants are members of the Website community.

28. The WOT Defendants operate the Website which purports to be a "community-based safe surfing tool that uses an intuitive traffic-light rating system to help Web users stay safe as they search, surf and shop online."

29. The Website indicates that the user activity rate for the United States is from 27% to 35%.

30. The WOT Defendants maintain at least one server in the United States.

31. The WOT Defendants have developed, designed, created, and implemented a Website rating black box system. The rating system uses sources controlled by the WOT Defendants, and algorithms designed and controlled by WOT Defendants. The WOT Defendants control the algorithms, the sources, and the weight given to each source.

32. The system processes ratings and calculates the reputation for each website using sophisticated algorithms. The WOT Defendants give different weights to the sources used based

on their type and methodology, which means that one source can have a much larger effect on the reputation than another.

33. Because the WOT Defendants are responsible for creating and developing information provided through the Internet they therefore meet the definition of an "information content provider" under the Communication Decency Act of 1996, *47 USCS § 230* ("CDA").

34. The WOT Defendants have conspired with g7w and the Doe Defendants to manipulate the algorithm so that members who post predominantly negative reports are given higher credibility ratings and therefore their posts are given more weight in the black box rating system used by the WOT Defendants.

35. The WOT Defendants have and continue to abuse their self-created algorithm to achieve their self serving results. The WOT Defendants are aware that members can and do abuse the black box system by posting false and defamatory statements about individuals and companies and not only have taken no action to stem this abuse, in fact they encourage and reward members who abuse the system. The more sites members rate, irrespective of the accuracy of their ratings, the higher their credibility ratings and the more weight their ratings have in the algorithm.

36. The WOT Defendants attempt to justify their manipulation by stating on the FAQ section of the Support Tab of the Website,

> While our primary source of knowledge is ratings from our users, we also take advantage of hundreds of carefully chosen trusted sources, such as listings of phishing sites from PhishTank. This provides WOT with a fast, automated, and reliable means of protecting our users from new, rapidly spreading online threats.

37. Additionally, in a post on the Website's blog dated December 22, 2006, Tolvahen states:

> As already discussed in a number of previous posts, not everyone has an equal say in WOT reputations. You must prove yourself before we take you seriously. This makes it more difficult to manipulate the system, and also allows us to more precisely compute exactly how much the reputation estimates can be trusted. In addition to reputation, our algorithms also calculate another value, the confidence in the reputation.

38. In another post dated October 5, 2006, Tolvahen states, in part:

> **Trust is subjective**
> In WOT, website reputations are computed using an algorithm loosely based on Bayesian probability. Each testimony is weighted by how much the system trusts the user or other source who gave it.
>
> **Personal reputation**
> Once you have shared your opinion on a fair number of websites, WOT starts looking for other users who agree with you. These users are ranked by how well their testimonies match yours, and the most compatible of the group become your friends. You will never know who they are nor will they know you, but when WOT computes the reputations to show on your extension, their testimonies weigh more than those from other users. This makes it possible for WOT to better adapt to what you personally trust, while still not ignoring the overall opinion.

39. The WOT Defendants encourage their employees and other individuals associated with WOT Services and AII to post false negative and defamatory statements to raise the Website's ranking on Internet search engines.

40. The defamatory postings are accessible in Florida and have been accessed in Florida. See attached Exhibit "A".

41. The WOT Defendants actively post to the Website and WOT community, including rating and commenting on individual websites.

42. Suurio is the former CEO of WOT Services and/or AII and is an active platinum member of the WOT community posting under the name "soran". See attached Exhibit "B".

43. Perälä is the current CEO of WOT Services and/or AII and is an active silver member of the WOT community posting under the name "vesa p". See attached Exhibit "C".

44. Tolvahen, an employee of WOT Services and/or AII and is an active platinum member of the WOT community posting under the name "sami". See attached Exhibit "D".

45. Ala-Kleemola, an employee of WOT Services and/or AII and is an active platinum member of the WOT community posting under the name "timo". See attached Exhibit "E".

46. The WOT Defendants also encourage and support abuse of its rating system by awarding the abusive Website members Platinum memberships, the Website's highest level of credibility and weight, and reward them with annual awards such as the "Scam Buster" Award and the "Top Member" Award.

47. g7w is a platinum member of the WOT community. See attached Exhibit "F".

48. g7w has been a member of the WOT community since November 2008. As of September 16, 2010, less than two years after he became a member, he has an activity score of 51,607; has posted 522,824 ratings and 548,675 posts. That equates to over 830 posts every day over the 22 month period he has been a member.

49. The WOT Defendants awarded g7w the "Scam Buster" and "Top Member" Awards for 2009.

50. A review of several random pages (in excess of 50 pages) of the 13,587 pages of scorecard comments posted by g7w, less than ten (10) were positive posts.

51. g7w has posted defamatory information regarding the Plaintiffs and Associates accusing them of on-going criminal and fraudulent activity.

52. At all times material hereto g7w posted the false information with knowledge and/or reckless disregard for its falsity.

53. g7w intended that the false postings would injure the Plaintiffs' and Associates'' business and personal reputations in the State of Florida.

54. g7w's postings to the Website are accessible in Florida and have been accessed in Florida.

55. One of the Doe Defendants, known only as "difrawi_difrawy", is a platinum member of the WOT community. See attached Exhibit "G".

56. difrawi_difrawy has been a member of the WOT community since March 2009. As of September 16, 2010, a year and a half after he became a member, he has an activity score of 12,358; has posted 5,928 ratings and 4,421 posts.

57. All of difrawi_difrawy's 5,928 ratings and 4,421 posts are directed at the Plaintiffs and Associates. In fact, his screen name "difrawi_difrawy" is alternative spellings of the name of a person associated with Plaintiffs.

58. It is clear that difrawi_difrawy has a vendetta against the Plaintiffs and Associates.

59. The WOT Defendants have not only allowed this vendetta, they have promoted and encouraged it by refusing to delete any of the difrawi_difrawy ratings and posts and by awarding difrawi_difrawy the "Scam Buster" Award for 2009.

60. difrawi_difrawy has made over 10,000 defamatory posts and ratings directed entirely and exclusively at the Plaintiffs and Associates accusing them of on-going criminal and fraudulent activity. See Exhibit "H".

61. At all times material hereto difrawi_difrawy posted the false and defamatory information with malice and knowledge and/or reckless disregard for its falsity.

62. difrawi_difrawy intended that the false and defamatory postings and ratings would injure the Plaintiffs' and Associates' business and personal reputations in the State of Florida.

63. difrawi_difrawy's postings and ratings on the Website are accessible in Florida and have been accessed in Florida.

64. The Doe Defendants have posted defamatory information regarding the Plaintiffs and Associates accusing them of on-going criminal and fraudulent activity.

65. At all times material hereto the Doe Defendants posted the false and defamatory information with knowledge and/or reckless disregard for its falsity.

66. The Doe Defendants intended that the false and defamatory postings and ratings would injure the Plaintiffs' and Associates' business and personal reputations in the State of Florida.

67. The Doe Defendants' postings to the Website are accessible in Florida and have been accessed in Florida.

68. The defamatory statements made by g7w and the Doe Defendants are knowingly false, or are made with reckless disregard of their falseness, and are designed to harm Plaintiffs' and Associates' business and personal reputations.

69. Upon information and belief, g7w and the Doe Defendants conspired to post and publish false and defamatory information about Plaintiffs and Associates in an attempt to discredit Plaintiffs and Associates and interfere with their personal and business operations. See Exhibit "I".

70. Upon information and belief, the Defendants collectively conspired to post and publish false and defamatory information about Plaintiffs and Associates in an attempt to discredit Plaintiffs and Associates and interfere with their personal and business operations. See Exhibit "J".

71. At all times material to this cause of action, the Defendants knew that Plaintiffs and Associates conducted business in the United States.

72. At all times material to this cause of action, the Defendants knew, or should have known, that Plaintiffs CNI, TSI, ICI, and PAI, and Associates were authorized to do business in the State of Florida and maintained their offices in Orlando, Florida.

73. At all times material to this cause of action, the Defendants knew that Plaintiffs and Associates were associated persons and entities.

74. The Defendants directed their defamatory statements toward recipients in the United States and posted the information knowing and desiring that it would cause harm and damages to Plaintiffs and Associates in the United States, the State of Florida, and elsewhere.

75. The Website as well as the posts and ratings made by the Defendants are accessible in Florida and were accessed in Florida.

76. The false and defamatory statements and ratings authored and posted by the Defendants on the Website subject Plaintiffs and Associates to distrust, ridicule, contempt, and disgrace. These defamatory statements and ratings also impute conduct, characteristics, and conditions incompatible with the proper exercise of Plaintiffs' and Associates' lawful businesses.

77. The Defendants do not have substantiation for their claims.

78. The Defendants do not couch their statements as opinion or otherwise qualify the statements.

79. Plaintiffs have notified the WOT Defendants on more than one occasion that the statements are false, defamatory, and injurious.

80. The Defendants have continued to post defamatory statements after Plaintiffs notified the WOT Defendants that the statements are false, defamatory, and injurious.

81. By continuing to post the defamatory statements and using their self-serving algorithm the WOT Defendants have maliciously and intentionally defamed Plaintiffs and Associates.

82. The Defendants, via the Website, have made defamatory statements that are accessible in Florida and were accessed in Florida.

83. On September 3, 2010, Plaintiffs sent Perälä, as CEO of WOT Services and AII, the notice letter required by Florida Statutes, §770.01. The letter was delivered to WOT Services/AII and signed for on September 6, 2010 at 1:34 PM. A copy of the letter and the receipt of delivery are attached as Exhibit "K".

**COUNT I**
**DEFAMATION PER QUOD**

84. Plaintiffs reallege Paragraphs 1– 83 as if fully restated herein.

85. Defendants have made false, defamatory and injurious statements about Plaintiffs and Associates.

86. Defendants' false and defamatory statements were made with knowledge of their falsity or reckless disregard of the truth or falsity of the statements.

87. Defendants published false statements to third parties via the Internet.

88. Defendants' publication of the false, defamatory and injurious statements was not subject to any available publication or legal privilege.

89. Defendants' false, defamatory and injurious statements exposed Plaintiffs and Associates to distrust, hatred, contempt, ridicule and embarrassment.

90. Defendants' false, defamatory and injurious statements harm the reputation of Plaintiffs and Associates so as to lower Plaintiffs and Associates in the estimation of Plaintiffs' and Associates' employees and business associates and interfere with the relationship between Plaintiffs and Associates and their employees and business associates.

91. Defendants directed the false and defamatory statements to Plaintiffs and Associates in the State of Florida with the specific intent and knowledge that the statements would damage Plaintiffs and Associates in the State of Florida.

92. Defendants made the false and defamatory statements with actual malice toward Plaintiffs and Associates with the specific intent to damage and harm Plaintiffs and Associates.

93. Defendants' false and defamatory statements were accessible in Florida via the Internet and were accessed in Florida.

94. As a direct and proximate result of Defendants' conduct, Plaintiffs and Associates have suffered actual damages.

**WHEREFORE,** Plaintiffs demand judgment against Defendants for damages, costs, prejudgment interest and such other relief as the Court deems just and proper.

**COUNT II**
**DEFAMATION PER SE**

95. Plaintiffs reallege Paragraphs 1–83 as if fully restated herein.

96. Defendants have made false statements about Plaintiffs and Associates which are *per se* injurious as they accuse the Plaintiffs and Associates of perpetrating ongoing scams and illicit business dealings.

97. The nature of the false statements is such that malice and actual damage is presumed.

98. Defendants published false statements to third parties via the Internet.

99. Defendants' publication of the false, defamatory and injurious statements was not subject to any available publication or legal privilege.

100. Defendants' false, defamatory and injurious statements exposed Plaintiffs to distrust, hatred, contempt, ridicule and embarrassment.

101. Defendants' false, defamatory and injurious statements harm the reputation of Plaintiffs and Associates so as to lower Plaintiffs and Associates in the estimation of Plaintiffs' and Associates' employees and business associates and interfere with the relationship between Plaintiffs and Associates and their employees and business associates.

102. Defendants' false and defamatory statements were made with knowledge of their falsity or reckless disregard of the truth or falsity of the statements.

103. Defendants directed the false and defamatory statements to Plaintiffs and Associates in the State of Florida with the specific intent and knowledge that the statements would damage Plaintiffs and Associates in the State of Florida.

104. Defendants made the false and defamatory statements with actual malice toward Plaintiffs and Associates with the specific intent to damage and harm Plaintiffs and Associates.

105. Defendants' false and defamatory statements were accessible in Florida via the Internet and were accessed in Florida.

106. Plaintiffs and Associates have suffered damages in the State of Florida as a result of Defendants' actions.

**WHEREFORE,** Plaintiffs demand judgment against Defendants for damages, costs, prejudgment interest and such other relief as the Court deems just and proper.

**COUNT III**
**INTERFERENCE WITH BUSINESS RELATIONSHIP**

107. Plaintiffs reallege Paragraphs 1–83 as if fully restated herein.

108. Plaintiffs and Associates have established business relationships with industry professionals, consumers, and advertisers through their various businesses.

109. Defendants, at all times material hereto, knew of the existing business relationships between Plaintiffs and Associates and their advertisers, business associates, employees, independent contractors and Internet consumers.

110. Defendants intentionally interfered with the business relationships by posting false and defamatory statements for the express purpose of destroying Plaintiffs' and Associates' established and future business relationships.

111. Defendants' interference with Plaintiffs' and Associates' business relationships was without legal or other justification.

112. Defendants' false and defamatory statements were accessible in Florida via the Internet and were accessed in Florida.

113. As a result of Defendants' intentional and unjustified interference, Plaintiffs and Associates have suffered damages to their existing business relationships and continue to suffer damages.

**WHEREFORE,** Plaintiffs demand judgment against Defendants for damages, costs, prejudgment interest and such other relief as the Court deems just and proper.

**COUNT IV**
**INJURIOUS FALSEHOOD- TRADE LIBEL**

114. Plaintiffs reallege Paragraphs 1-83 as if fully restated herein.

115. Defendants made and published defamatory statements about Plaintiffs' and Associates' businesses and business practices which are untrue and disparaging as to the nature and manner in which Plaintiffs and Associates conduct business.

116. Defendants published false statements to third parties through posting the statements via the Internet.

117. Defendants knew that the false statements were likely to influence prospective users of Plaintiffs' and Associates' businesses to avoid Plaintiffs' and Associates' businesses.

118. The false statements materially and substantially induced third parties not to utilize Plaintiffs' and Associates' business and to not contract with Plaintiffs and Associates.

119. Defendants' false and defamatory statements were accessible in Florida via the Internet and were accessed in Florida.

120. As a result of Defendants' publishing the false statements to third parties, employees, and business associates, Plaintiffs and Associates have suffered pecuniary loss in the form of lost business revenues and business contracts.

**WHEREFORE,** Plaintiffs demand judgment against Defendants for damages, costs, prejudgment interest and such other relief as the Court deems just and proper.

**COUNT V**
**CIVIL CONSPIRACY**

121. Plaintiffs reallege Paragraphs 1-83 as if fully restated herein.

122. At all times material hereto Defendants agreed to engage in actionable conduct against Plaintiffs and Associates.

123. Defendants agreed, combined, and conspired with one another to post on the Internet false and defamatory statements regarding Plaintiffs and Associates.

124. Defendants agreed, combined, and conspired to conceal the identities of the Doe Defendants with the intent to cause Plaintiffs and Associates serious economic harm as well as harm to their respective business reputations

125. Defendants agreed, combined, and conspired to ruin the reputation of Plaintiffs and Associates by posting false negative information on public websites for others to find and use to attack Plaintiffs and Associates.

126. Defendants agreed, combined, and conspired to encourage individuals to file unfounded complaints against Plaintiffs and Associates with the Better Business Bureau, other Internet websites, and with law enforcement agencies falsely claiming they were victims of fraudulent business practices.

127. Defendants agreed, combined, and conspired to use the unfounded complaints to increase the number of complaints against Plaintiff and Associates to use as evidence of wrong-doing to generate more unfounded complaints.

128. Defendants' false and defamatory statements were accessible in Florida via the Internet and were accessed in Florida.

129. As a direct proximate result of the Defendants' actions, Plaintiffs and Associates have suffered damages.

**WHEREFORE,** Plaintiffs demand judgment against Defendants for damages, costs, prejudgment interest and such other relief as the Court deems just and proper.

**COUNT VI**
**FRAUDULENT MISREPRESENTATION**

130. Plaintiffs reallege Paragraphs 1-83 as if fully restated herein.

131. At all times material hereto, Defendants knowingly made false statements concerning the operation of Plaintiffs' and Associates' businesses with the intent that persons using the Website would rely on these false representations, would not conduct business with or become employed by Plaintiffs and Associates and would thereby cause injury to Plaintiffs and Associates.

132. Defendants' false and defamatory statements were accessible in Florida via the Internet and were accessed in Florida.

133. As a result of Defendants' fraudulent misrepresentations, Plaintiffs and Associates have suffered pecuniary loss in the form of lost business revenues and business contracts.

**WHEREFORE,** Plaintiffs demand judgment against Defendants for damages, costs, prejudgment interest and such other relief as the Court deems just and proper.

## COUNT VII
## MISLEADING ADVERTISING

134. Plaintiffs reallege Paragraphs 1-83 as if fully restated herein.

135. At all times material hereto Defendants knew that statements disseminated and promoted on the Website were false and misleading, but continued to disseminate and promote the false and misleading statements with the intent of inducing the public to utilize the Website.

136. The WOT Defendants claim to objectively post both positive and negative information on various websites; however, the mechanism by which they post information is subjective and not objective.

137. The public has relied and continues to rely on the information provided on the Website believing it is objective.

138. The WOT Defendants knew that the false and misleading statements were likely to influence prospective users of Plaintiffs' and Associates' businesses to avoid Plaintiffs and Associates' businesses.

139. The false statements materially and substantially induced the public to not utilize Plaintiffs' and Associates' business and to not contract with Plaintiffs and Associates.

140. Defendants' false and defamatory statements were accessible in Florida via the Internet and were accessed in Florida.

141. As a result of the WOT Defendants' misleading advertisements Plaintiffs and Associates have suffered pecuniary loss in the form of lost business revenues and business contracts.

**WHEREFORE,** Plaintiffs demand judgment against Defendants for damages, costs, prejudgment interest and such other relief as the Court deems just and proper.

## COUNT VIII
## VIOLATION OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

142. Plaintiffs reallege Paragraphs 1-83 as if fully restated herein.

143. The Florida Deceptive and Unfair Trade Practices Act, *Fla. Stat. §501.201 et seq.* ("FDUTPA") renders unlawful unfair methods of competition, unconscionable acts or practices and unfair or deceptive acts or practices in the conduct of any trade or commerce.

144. At all times material hereto the WOT Defendants advertised, solicited, provided, offered, or distributed goods, services and other things of value and thereby is engaged in trade or commerce under the FDUTPA.

145. Defendants' practices described in detail in the aforementioned allegations above are unfair and deceptive.

146. Defendants' false and defamatory statements were accessible in Florida via the Internet and were accessed in Florida.

147. As a result of Defendants' unfair and deceptive practices, Plaintiffs and Associates have been damaged. In addition to damages, Plaintiffs have also incurred litigation costs, attorney's fees, and expenses.

**WHEREFORE,** Plaintiffs demand judgment against Defendants for damages on account of their deceptive and unfair actions, costs, prejudgment interest, attorney's fees under *Fla. Stat. §501.2105* and such other relief as the Court deems just and proper, including injunctive relief should the court find that there is no adequate remedy at law.

**COUNT IX**
**INJUNCTIVE RELIEF**

148. This is an action in equity for injunctive relief.

149. Plaintiffs reallege Paragraphs 1-83 as if fully restated herein.

150. Based on the facts as set forth herein, Plaintiffs have a substantial likelihood of success on the merits of the asserted causes of action.

151. Plaintiffs do not have an adequate remedy at law.

152. Monetary damages are inadequate to protect the present and future business interests and reputation of the Plaintiffs and Associates.

153. Injunctive relief would provide a benefit to, and is in the interests of, the public, as it would prevent defamation, libel and other actionable conduct through the use of the Internet.

**RELIEF REQUESTED**

WHEREFORE, Plaintiffs request that this Court grant the following relief:

A. Award damages, both compensatory and punitive, against Defendants;

B. Grant a permanent injunction against Defendants enjoining Defendants from hosting, posting, or in any manner publishing or disseminating, whether in their legal identities or under any aliases, whether now created or created in the future, any defamatory or injurious information relating to Plaintiffs or Associates;

C. Order Defendants to remove from the Internet and any other media, of any kind or nature, all actionable statements posted or published against Plaintiffs and Associates;

D. Award Plaintiffs fees and costs incurred in prosecution of these actions; and

E. Award Plaintiffs such other and further relief as this Court deems just and proper.

Respectfully submitted this 4th day of October, 2010.

Myra P. Nicholson, Esq.
Florida Bar No.: 0710024
Myra Nicholson, P.A.
1743 Park Center Drive
Orlando, Florida 32825
Phone: 407-803-4729
Facsimile: 407-803-5861
Email: myra@mnicholson-law.com

Attorney for Plaintiffs

# EXHIBIT A



Profile My posts My scorecard comments

## Comments

| Time | Type | Subject | Comment |
|---|---|---|---|
| 09/17/2010 | Forum | Almost had a run-in with | Almost had a run-in with these people. Thanks to your site, and others, I won't be going through with them. If it helps, the email they sent me came from jobapprove@gmail.com and they are still located in the Metrowest section of Orlando.<br>(from site, if anyone is interested)<br>JobWeb, Inc.<br>7635 Ashley Park Court Suite 503<br>Orlando FL 32835<br>Direct Contact<br>Robert Schaffer<br>407-405-5894 |

florida84
Rookie member
Member since September 2010



Profile My posts My scorecard comments

## Comments

| Time | Type | Subject | Comment |
|---|---|---|---|
| 09/11/2010 | Forum | I was a former employee | If anyone needs information on this company I would be more than happy to help |

FormerTIC
Rookie member
Member since September 2010

# EXHIBIT A


Profile
My posts
Comments
Time
Type
Subject
Comment
01/25/2010
Forum
Hello
01/25/2010
Forum
slander I would like to talk....
Hello - I was the one on the news and
is bad news. Not
only have I been slandered on
but I found this
morning that my yahoo email had been
hacked and the password changed....I
was able to retrieve it by having yahoo
text me a code. I just cant believe what
this guy has gotten away with and I've
been looking into what can be done to
fight the wrongs he's done.
Rookie member
Member since January 2010
My activity score:
0

**EXHIBIT B**

## Forum

General discussion    Threaten with a lawsuite because of WOT comments

example.com

Check a website's reputation

soran (Platinum) on Fri 03 Apr 2009 07:11:25 AM UTC

**Threaten with a lawsuite because of WOT comments**

Home Download Trust seal Blog Forum Community Support

mischaccc has decided to quit his support for WOT. He is a young boy from germany with more than 8000 ratings and comments here on WOT.
He send me a private message about the reasons for his decision.

User Marco Born alias Axley has send to him a application for a restrictive injunction ("Unterlassungserklärung") with a cost note of 780 Euros for his comment on *http://www.marco-born.eu*

. mischaccc has decided to delete this comment because of the cost note and the financial consequences for him.
The responsible lawyr is Andreas Neuber alias "Ein Wissender". This was a second time that mischaccc has received a application for a restrictive with a cost note.

Therefore my tip for german users.

Don't be visible to the public. Don't fill out any homepage, twitter account, flicr account, linkin, facebook, homepage addresses or something else on WOT that somebody is able to find out your real name. The good news ; WOT will be handled serious by cheaters because WOT is endanger there business.

I have seen that a lot of the other sites are not able to find out a burglars. They are looking only for technical aspects like malware, viruses, trojans but they are not able to detect traps of subscriptions like humans and WOT is doing. You can find out the differences if you are using LinkExtend,

My second observation is now that these guys have to started to disagree qualified negative comments on there sides which are send out false informations about traps of duty of payment and add commentaots like "This is a usefull side" what they are obviously not. Sorry to say I also often didn't know what is truth and trusty and what is a fraud. But with the time you will see the pattern which will be used. Check out the mentioned sides on WOT and you will see what I mean.

Keep on fighting against burglars. Stay save and protected and invisible.

regards
Soran

P.S. As it seems other users (trejtho) are involved. How a cost note looks like can be seen here http://www.nicht-abzocken.eu/dokumente/aprilscherz....

Friends About us Press Terms Privacy Partners Tools    Choose language

© WOT Services 2010

### Keep in touch with us

Like us on Facebook

Join the professional group on LinkedIn

Follow us on Twitter

Watch WOT videos on Youtube

Grab screenshots from Flickr

### What's new?

Keep up with what's happening.

Read the latest newsletter

Subscribe to the WOT blog RSS feed

### Support WOT's development

Your generous contribution is appreciated by WOT's add-on developers.

Contribute Now

**EXHIBIT B**

(caution German), But this no a april joke as the reaction of mischacce proves.

Comments:



Bob.Jam (Platinum) on Fri 03 Apr 2009 07:57:31 AM UTC

Wait a minute

Not insulting your use of English, but it's really not clear what's going on.

Are you saying that someone is threatening to sue a WOT user for rating a site?

We're still rather crude here in the colonies (that would be the US), and I really don't get it.

Perhaps FlyAqua or somebody else fluent in German AND English could have you say it to him/her in German and translate for us.

Plus, I went to that link you provided and it was a .pdf in . . . German!

Sorry for being so dense, but if somebody could explain it in plain English it might help.

Are you saying that there's some kind of an injunction against a WOT user for making comments and this injunction prohibits that user from making further ratings?

And are you saying that WOT itself is somehow tied up in this?

Will try to read over your post again and see if I can get the gist, but right now I really don't have a clue.

reply



soran (Platinum) on Fri 03 Apr 2009 09:20:55 AM UTC

point of threaten by a lawsuit

I have send private message to FlyAqua to review and comment my posting.

The point on the .pdf is :
Comments on WOT, a exact date until a special action has to take place and costs in forms of €. All the other stuff are german laws based on a section of the german civil law code you can stretch in every direction. Hurt of personal rights (§823 BGB) and endagering to get a credit (§824 BGB). Because of this laws they request to delete the comment until 03-APR-2009 12:00. If the comment will be not followed they will go to the curt.

Than they state who is responsible for a illegal action has to pay the costs. Amount of controversity is 10.000€ therefore the lawyer can bill 776€ for his efforts.

reply



FlyAqua (Platinum) on Sat 04 Apr 2009 04:22:16 AM UTC

expl

Hello,

Friends About us Press Terms Privacy Partners Tools

Choose language © WOT Services 2010

Keep in touch with us

- Like us on Facebook
- Join the professional group on LinkedIn
- Follow us on Twitter
- Watch WOT videos on Youtube
- Grab screenshots from Flickr

What's new?

Keep up with what's happening.

- Read the latest newsletter
- Subscribe to the WOT blog RSS feed

Support WOT's development

Your generous contribution is appreciated by WOT's add-on developers.

Contribute Now

# EXHIBIT B

thanks for your comment, soran. I simply can't always check all topics because here on this journey my online time is quite limited. I also could not read any comments below, so sorry if anything as already been said.

Despite all, it is a horrible thing. I don't want to give many judgements here, since I don't want to get myself into such a situation too. For that reason, EVERYTHING in this post is only my own opinion. (§5GG)

First of all, if mischacoc has only written his personal opinion, he should not have much to worry. He as the human right to tell his opinion.

I think §823BGB sais that who the life, the body, the health, the liberty, the property or another right of someone else illegally endangeres, has to pay him the value of the resulting damage. The actual law is on www.gesetze-im-internet.de

. Well, I am not a lawyer, but I think everybody can make their own opinion about that.

If they just let him go if he deletes the comment, he'd probably better do that as he would not get into further trouble. If they still want money from him, I'd recommend immediately visiting a lawyer.

Have they told you what rights of theirs they see hurt?

Again, everything in this post is only my own opinion (§5GG).

reply

Sami (Platinum) on Fri 03 Apr 2009 07:59:00 AM UTC

Re: Lawsuits

Since all of us don't speak German, would someone care to explain who this Marco Born person is and what these websites are all about?

Also, is there a law in Germany that allows lawyers to simply send these notes? I mean, if there's no court order to back them up, what happens if you refuse to pay?

reply

FlyAqua (Platinum) on Sat 04 Apr 2009 04:10:44 AM UTC

As far as I know (and again, this is only my point of view and might not be exactly true, so again this is just my opinion):

If somebody gives damage to someone else, they can sue im in court. Because this is very expensive, a lawyer can simply ask him to pay/whatever.

If the payment is refused, they can still take you to court.

reply

Anonymous on Fri 03 Apr 2009 08:02:25 AM UTC

Friends About us Press Terms Privacy Partners Tools

Choose language © WOT Services 2010

Keep in touch with us

Like us on Facebook

Join the professional group on LinkedIn

Follow us on Twitter

Watch WOT videos on Youtube

Grab screenshots from Flickr

What's new?

Keep up with what's happening.

Read the latest newsletter

Subscribe to the WOT blog RSS feed

Support WOT's development

Your generous contribution is appreciated by WOT's add-on developers.

Contribute Now

# EXHIBIT B

**Unbelievable!**

I'm really sorry to hear about mischaccc's troubles, thankfully this could not happen in my own jurisdiction, its a real shame that a good contributor has been lost because of threats from dodgy site operators. I hope the (non-German) WOT community votes and comments on this guys site comprehensively... I did :)

Some good general advice on online privacy as well során, thanks for that!

Cheers,
Nick

reply



BobJam (Platinum) on Fri 03 Apr 2009 09:05:33 AM UTC

**'Splain it please**

Clearly you understand what this fellow is saying.

I'm totally confused.

*"I hope the (non-German) WOT community votes and comments on this guys site comprehensively... I did"*

At first I thought you were implying that "this guys site" should go green, but then I looked at the scorecard and saw that you rated it red.

So lemme see if I get this. This fellow mischaccc goes to the red rated site of Marco Born and makes a comment on it, somehow related to WOT, that is unfavorable (so I assume this Marco Born's site is either a blog or a forum that has a section for comments . . . haven't gone there yet . . . want to get in my sandbox to do it).

OK, so now this Marco Born fellow prevails upon an attorney to threaten a law suit against mischaccc for making unfavorable comments on or about his site.

Then mischaccc discontinues making ratings on WOT because of this threat.

Is that correct?

As I said, I'm totally confused. Please clarify.

reply



során (Platinum) on Fri 03 Apr 2009 03:04:38 PM UTC

**unfavorable comments**

Yes, that's right. He has done an unfavorable comment on WOT about this site. Therefore this threat to mischaccc and trejtho.

Sorry for confusing, but this law stuff is not in my daily vocabulary and in germany this is something like a own language. Not easy to understand and impossible to translate ;-))

reply

Friends About us Press Terms Privacy Partners Tools

Choose language © WOT Services 2010

## Keep in touch with us

Like us on Facebook

Join the professional group on LinkedIn

Follow us on Twitter

Watch WOT videos on Youtube

Grab screenshots from Flickr

## What's new?

Keep up with what's happening.

Read the latest newsletter

Subscribe to the WOT blog RSS feed

## Support WOT's development

Your generous contribution is appreciated by WOT's add-on developers.

Contribute Now

**EXHIBIT B**

Anraiki (Rookie) on Tue 20 Apr 2010 10:39:35 AM UTC

Freedom of Speech Compromise?

So now we can be sued for saying anything on the internet?
What happens if someone impersonates us?

This is pretty much bull, its like I went to watch a crappy movie, make a crappy review, and then Warner Bros studio sue me for saying it sucked.

Is that whats happening here?

---

dotSpiral: Talking in Pictures

Anraiki: Mangaka, Illustrator, Designer, Aligner.

reply |

phantom (Platinum) on Sat 04 Apr 2009 01:20:43 AM UTC

Who is really who..?

*Anraiki: "What happens if someone impersonates us?"*

Well, I wonder what would happen, if someone happened to use "mischacoc" as username here or elsewhere..?

reply |

Anonymous on Sat 11 Apr 2009 11:18:30 AM UTC

—

—

reply |

Anonymous on Wed 08 Apr 2009 10:51:43 AM UTC

Welcome back Mishacoc

Welcome back.And if the German laws are like you say stick to anonymous ratings on the German sites so they do not know who you are.(G.O.M.with Honours).

Friends About us Press Terms Privacy Partners Tools Choose language © WOT Services 2010

Keep in touch with us

Like us on Facebook
Join the professional group on LinkedIn
Follow us on Twitter
Watch WOT videos on Youtube
Grab screenshots from Flickr

What's new?

Keep up with what's happening.
Read the latest newsletter
Subscribe to the WOT blog RSS feed

Support WOT's development

Your generous contribution is appreciated by WOT's add-on developers.

Contribute Now

**EXHIBIT B**

reply

phantazm (Platinum) on Thu 09 Apr 2009 02:40:33 AM UTC

**But how can they know...?**

*mischaccc: "everyone could find me very easy."*

But how can anyone know (and prove) that it's you, and not someone else...?

reply

soram (Platinum) on Thu 09 Apr 2009 07:27:03 AM UTC

**I know that he is ... ?**

I know that's the real mischaccc because of his wording and I trust him ...
And if it was a fake so what . To end up with a sentence from "The bright side of life" (Monty Phytons) " You are coming from nothing you are going to nothing. So what you have lost ... nothing".

reply

BobJam (Platinum) on Thu 09 Apr 2009 08:13:46 AM UTC

**Huh??**

What??

reply

soram (Platinum) on Thu 09 Apr 2009 09:50:46 AM UTC

**What I mean**

http://www.youtube.com/watch?v=jHPOzQzk9Qo

keep on smiling

reply



© WOT Services 2010

# EXHIBIT B



Bob.Jani (Platinum) on Thu 09 Apr 2009 12:20:55 PM UTC

**Related?**

I don't see how that's related to whether or not you know it's the "real" mischaccc . It's a pleasant sentiment, but pretty much a non-sequitor.

reply



phantasm (Platinum) on Sat 11 Apr 2009 01:19:28 PM UTC

**Where is he now..?**

It seems that mischaccc's comments have gone...?

reply



Sami (Platinum) on Sat 11 Apr 2009 01:30:57 PM UTC

**Re: Where is he now..?**

It looks like he deleted his account after editing all his forum postings.

reply



soran (Platinum) on Sat 11 Apr 2009 02:05:34 PM UTC

**mischaccc**

He has gone forever. He has received a second letter from "You-now-who-I-mean". It was to dangerous for him to stay. I the letter there were some details he could not have under all circumstances from mischaccc visible profile? Was there some data send from WOT to "You-now-who-I-mean". Think this will be larger attack against the German users of WOT if we are not covering strictly our identity. Hope that WOT is doing this as well. If not we will have a lot of cost notes and commands will be part of lawsuites. Or it's new business model for "You-now-who-I-mean".

On the other hand I have seen here some reputation for websites where obviously the owner has done the reputation with several accounts to "certify" his products. But if you are looking a little bit closer these comments are fictitious. And after I have written a comment for web site the user requested my ejection from WOT on my private message board. I the mean time I have dropped one comment to avoid further damage.

reply



Sami (Platinum) on Sat 11 Apr 2009 04:11:37 PM UTC

Friends About us Press Terms Privacy Partners Tools

Choose language

© WOT Services 2010

### Keep in touch with us

- Like us on Facebook
- Join the professional group on LinkedIn
- Follow us on Twitter
- Watch WOT videos on Youtube
- Grab screenshots from Flickr

### What's new?

Keep up with what's happening.

- Read the latest newsletter
- Subscribe to the WOT blog RSS feed

### Support WOT's development

Your generous contribution is appreciated by WOT's add-on developers.

Contribute Now

**EXHIBIT B**

Re: mischaccc

*Was there some data send from WOT to "You-now-who-I-mean"*

We have never given out information about users to anyone and we're not planning on starting now.

reply

soran (Platinum) on Sat 11 Apr 2009 04:14:44 PM UTC

thanks

Thank you very much. This is a clear statement.

reply

Anonymous on Sat 11 Apr 2009 04:16:16 PM UTC

Re mischaccc

That is good to know.I did not think you would anyway.mishaccc had his own website which he displayed on his scorecard and I think they traced him that way.(G.O.M.with Honours).

reply

g7w (Platinum) on Sat 11 Apr 2009 05:10:24 PM UTC

re: re: mischaccc

He was here, than he removed his account.
Then he "came back" (his username went from mischacc to anonymous back to mischaccc) - now he's mischaccc (not verified) and he removed his posts...

BUT he hasn't removed his personal identity from or deleted posts on his jimdo page.
http://betrugshilfe.jimdo.com/impressum.php

what's up with all this?

---

Against Intuition - gives us safety through Web of Trust.
WOT Community - gives us security through unity.
Thank you all
G7W {G.O.M}
http://g7w.net/

Friends About us Press Terms Privacy Partners Tools

Choose language © WOT Services 2010

Keep in touch with us

- Like us on Facebook
- Join the professional group on LinkedIn
- Follow us on Twitter
- Watch WOT videos on Youtube
- Grab screenshots from Flickr

What's new?

Keep up with what's happening.

- Read the latest newsletter
- Subscribe to the WOT blog RSS feed

Support WOT's development

Your generous contribution is appreciated by WOT's add-on developers.

Contribute Now

# EXHIBIT B

reply

cotojo (Platinum) on Sat 11 Apr 2009 06:44:55 PM UTC
Re: mischacct

Site now reads;
The website www.betrugshilfe.jimdo.com

will always remain closed. The website does not function anymore.
Always be on the internet and do not take risks,
The free service has been discontinued. Neither applications nor registrations can be accepted.
The service is no longer reachable.
http://de.jimdo.com/user/betrugshilfe.jimdo.com

Colin
http://freepcsecurity.co.uk

reply

g7w (Platinum) on Sat 11 Apr 2009 06:57:24 PM UTC
not so

click this:
http://betrugshilfe.jimdo.com/impressum.php

It is as it was...
I think the impressum.php still "works."
----
Against Intuition - gives us safety through Web of Trust.
WOT Community - gives us security through unity.
Thank you all
G7W (G.O.M)
http://g7w.net/

reply

Tomor (Platinum) on Sat 11 Apr 2009 07:06:40 PM UTC
Probably forgot the .php

Probably forgot the .php file.

Friends About us Press Terms Privacy Partners Tools

Choose language

© WOT Services 2010

Keep in touch with us

Like us on Facebook
Join the professional group on Linkedin
Follow us on Twitter
Watch WOT videos on Youtube
Grab screenshots from Flickr

What's new?

Keep up with what's happening.
Read the latest newsletter
Subscribe to the WOT blog RSS feed

Support WOT's development

Your generous contribution is appreciated by WOT's add-on developers.

Contribute Now