**UNITED STATES DISTRCIT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**CAREER NETWORK, INC., et al,**
      **Plaintiffs,**

v.                                                   **Case No. 6:10-cv-01826-GAP-KRS**

**WOT SERVICES, LTD, et al,**
      **Defendants.**

**PLAINTIFFS' MOTION TO STAY CONSIDERATION OF DEFENDANTS'
MOTION TO DISMISS AND MOTION FOR EXTENSION OF TIME TO RESPOND
WITH INCORPORATED MEMORANDUM OF LAW**

COMES NOW Plaintiffs, Career Network, Inc., Three Stars Media, Inc., Three Stars, Inc. (doing business in Florida as Threestars of Central Florida, Inc.), Internetcompany, Inc. (doing business in Florida as Internet-Company of Central Florida, Inc.), Power Applications, Inc., MonkeyJar, Inc., and Buzzgrub, Inc. (collectively "Plaintiffs") by and through their undersigned attorney, pursuant to Federal Rule of Civil Procedure 6(b) and Local Rule 3.01, hereby move this Court to (1) stay consideration of the Motion to Dismiss filed by Defendants, WOT Services, Ltd. ("WOT") and Against Intuition, Inc. ("AII") until the Court has ruled on Plaintiffs' motion to remand/motion for leave to amend; and (2) grant Plaintiffs 10 days from the Court's Order on the motion to remand/motion for leave to amend to respond to WOT's and AII's Motion to Dismiss in the event this Court denies Plaintiffs' motion to remand/motion for leave to amend.

**BACKGROUND**

On October 7, 2010, Plaintiffs filed their Complaint in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida Case No. 2010-CA-022724-O alleging

defamation, interference with business relationships, trade libel, civil conspiracy, fraudulent misrepresentation, misleading advertising, and violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") against WOT, AII, Esa Suurio, Vesa Perälä, Sami Tolvahen, and Timo Ala-Kleemola, David Stadler, and John and Jane Does 1 through 100. (Doc. 1).

On December 9, 2010, WOT and AII filed their Notice of Removal based on diversity of citizenship. (Doc. 3). On December 14, 2010, WOT and AII filed a Motion to Dismiss pursuant to Rule 12(b)(6) and 12(b)(3) and Memorandum in Support of Motion to Dismiss. (Doc. 7).

## ARGUMENT

Federal Rule of Civil Procedure 6(b)(1) provides that when an act may or must be done within a specified time, the court may, for good cause, extend the time to act. Here, good cause exists for this Court to extend the time for Plaintiffs to respond to the Motion to Dismiss.

Plaintiffs' response to the Motion to Dismiss is due December 28, 2010. However, Plaintiffs are seeking to have the case remanded back to state court on the basis that the Notice of Removal was procedurally improper and that this Court does not have subject matter jurisdiction. In addition to filing the motion to remand, Plaintiffs will be filing a motion for leave to amend the complaint to join additional party defendants, one of whom is non-diverse, which will also implicate this Court's subject matter jurisdiction. The filing deadlines for both of Plaintiffs' motions are after the due date for Plaintiffs' response to the Motion to Dismiss. If this Court grants Plaintiffs' motion to remand and/or Plaintiffs'

motion for leave to amend the complaint this Court's subject matter jurisdiction will be divested and therefore this Court's will not have jurisdiction to hear the Motion to Dismiss.

28 U.S.C. §1441(a) governs the removal of cases from state court. This statute allows for removal of a civil action that is brought in state court if the district courts of the United States have original jurisdiction over the case. After removal, either party may move to remand to state court on the basis of any defect in the removal, including lack of subject-matter jurisdiction. 28 U.S.C. §1447(c).

The Constitution and Congress have limited the federal courts' jurisdiction and restricted the types of cases which they may hear. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); see also *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994). Because removal jurisdiction raises significant federal concerns, federal courts must construe the removal statutes strictly. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 61 S. Ct. 868, 872, 85 L. Ed. 1214 (1941); see also*, Russell Corp. v. Am. Home Assur. Co.,* 264 F.3d 1040, 1049 (11th Cir. 2001). All doubts concerning jurisdiction should be resolved in favor of remand to state court. *Burns* at 1095. See also, *Coker v. Amoco Oil Co.*, 709 F.2d 1433 (11th Cir. 1983).

The Eleventh Circuit Court of Appeals has also made it clear that strict construction of the removal statutes is necessary to promote judicial efficiency. In *Crowe v. Coleman,* 113 F.3d 1536, 1538 (11th Cir. 1997) the Court held that strict construction of removal statutes prevents exposing a party "to the possibility that they may win a final judgment in federal court, only to have it determined that the court lacked jurisdiction." Similarly, in

*Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405 (11th Cir. 1999), the Eleventh Circuit held,

> A presumption in favor of remand is necessary because if a federal court reaches the merits of a pending motion in a removed case where subject matter jurisdiction may be lacking it deprives a state court of its right under the Constitution to resolve controversies in its own courts.

at 411.

Accordingly, Plaintiffs respectfully request that this Court stay consideration of Defendants' Motion to Dismiss until the Court has ruled on Plaintiffs' motion to remand and Plaintiffs' motion for leave to file an amended complaint. Should this Court deny the motion to remand and/or the motion for leave to file an amended complaint, Plaintiffs respectfully request 10 days from the date of denial within which to file a Response to the Motion to Dismiss.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

I certify that I spoke with counsel for WOT and AII, Harvey Gurland on December 21, 2010 and Sandra A. Jeskie on December 22, 2010, in a good faith effort to resolve the issues raised by the motion and opposing counsel opposes the relief sought in the motion.

Respectfully submitted this 28th day of December, 2010,

      /s/Myra P. Nicholson
      Myra P. Nicholson, Esq.
      Florida Bar No.: 0710024
      Myra Nicholson, P.A.
      1701 Park Center Drive, Suite 100
      Orlando, Florida 32835
      Phone: 407-803-4729
      Facsimile: 407-803-5861
      Email: myra@mnicholson-law.com

      Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on this 28th day of December, 2010, I electronically filed the forgoing with the Clerk of Court by using the CM/ECF system which will send a Notice of Electronic Filing to the following: Harvey W. Gurland, Jr., Duane Morris, LLP, 200 S. Biscayne Blvd, Suite 3400 Miami, FL 33131-2318 and Warren Daniel Zaffuto, Duane Morris, LLP, 200 S. Biscayne Blvd, Suite 3400, Miami, FL 33131-2318 and I further certify that I emailed the foregoing document and the notice of electronic filing to the following non-CM/ECF participant: Sandra A. Jeskie, Duane Morris, LLP, 30 South 17th Street, Philadelphia, PA 19103-4196.

            /s/Myra P. Nicholson
            Myra P. Nicholson