**UNITED STATES DISTRCIT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CAREER NETWORK, INC., et al,**
    **Plaintiffs,**

v.                                                     Case No. 6:10-cv-01826-GAP-KRS

**WOT SERVICES, LTD, et al,**
    **Defendants.**

**PLAINTIFFS' MOTION FOR REMAND AND FOR ATTORNEY'S FEES**
**AND COSTS WITH INCORPORATED MEMORANDUM OF LAW**

COMES NOW Plaintiffs, Career Network, Inc., Three Stars Media, Inc., Three Stars, Inc. (doing business in Florida as Threestars of Central Florida, Inc.), Internetcompany, Inc. (doing business in Florida as Internet-Company of Central Florida, Inc.), Power Applications, Inc., MonkeyJar, Inc., and Buzzgrub, Inc. (collectively "Plaintiffs") by and through their undersigned attorney, and hereby file this motion to remand the present case and to award attorneys' fees and costs and as grounds therefore states as follows.

## BACKGROUND

This litigation arises out of defendants online defamation of Plaintiffs and entities and persons associated with Plaintiffs ("Associates"). Defendants have posted and continue to post false and inflammatory statements designed to intentionally attack and discredit Plaintiffs and Associates on the Internet.

On October 7, 2010, Plaintiffs filed their Complaint in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida Case No. 2010-CA-022724-O alleging defamation, interference with business relationships, trade libel, civil conspiracy, fraudulent misrepresentation, misleading advertising, and violations of the Florida Deceptive and Unfair

Trade Practices Act ("FDUTPA") against WOT Services, Ltd. ("WOT"), Against Intuition, Inc. ("AII"), Esa Suurio, Vesa Perälä, Sami Tolvahen, and Timo Ala-Kleemola, David Stadler, and John and Jane Does 1 through 100.

On October 20, 2010 service was effectuated on Defendant, David Stadler. A copy of the Proof of Service is attached to this motion as Exhibit A. On October 27, 2010, Plaintiffs filed a motion to appoint special process server and to extend time for foreign service of process. The motion was granted on October 28, 2010. On November 18, 2010, service was effectuated on Defendants WOT and AII.

On December 9, 2010, WOT and AII filed their notice of removal based on diversity of citizenship. On December 14, 2010, WOT and AII filed a motion to dismiss pursuant to Rule 12(b)(6) and 12(b)(3).

The notice of removal filed by WOT and AII was procedurally defective and provides no objective basis for removal. As a result, this Court should grant Plaintiffs' motion to remand and motion for attorneys' fees and costs.

## ARGUMENT

The removal of cases from state court is governed by 28 U.S.C. §§1441-1453. Section 1441(c) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Simply stated, if the plaintiff could have properly filed the complaint in federal court, then removal is proper.

The procedure for removal is governed by 28 U.S.C. §1446. Under §1446(b), the defendant has 30 days after receipt of the initial state court complaint to file a notice of removal. However, if the initial pleading does not support removal, defendants have 30 days from receipt of the first paper filed by the plaintiffs which does support removal to file the notice of removal. In a diversity case, the notice must be filed within one year of commencement of the action.

After removal, either party may move to remand to state court on the basis of any defect in the removal, including lack of subject matter jurisdiction. 28 U.S.C. §1447(c). The motion for remand must be filed within 30 days of the filing of the notice of removal, except for remand based on lack of subject matter jurisdiction. Additionally, under §1447(c), the order remanding the case may require payment of costs and actual expenses, including attorney fees, incurred as a result of the removal.

The Constitution and Congress have limited federal courts' jurisdiction and restricted the types of cases which they may hear. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); s*ee also Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994). Because removal jurisdiction raises significant federal concerns, federal courts must construe removal statutes strictly. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 61 S. Ct. 868, 872, 85 L. Ed. 1214 (1941); *see also, Russell Corp. v. Am. Home Assur. Co.,* 264 F.3d 1040, 1049 (11th Cir. 2001). All doubts about jurisdiction should be resolved in favor of remand to state court. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) (citing *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108 (3d Cir. 1990); *Coker v. Amoco Oil Co.*, 709 F.2d 1433 (11th Cir. 1983).

A removing defendant carries the burden of proving proper federal jurisdiction. *Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337 (11th Cir. 2009). When seeking removal, a defendant must produce facts supporting the existence of federal subject matter jurisdiction by a preponderance of the evidence. *Burns*, 31 F.3d at 1094.

WOT's and AII's notice of removal was not only prematurely filed, but is also procedurally defective and does not support defendants' required burden of proof to invoke federal jurisdiction.

## I.   **WOT's and AII's notice of removal was procedurally defective.**

WOT's and AII's removal of this action was procedurally improper.  The law is well settled that in cases involving multiple defendants, all defendants must consent to the removal of a case to federal court, otherwise removal is improper under 28 U.S.C. §1447(c). *Chicago, R. I. P. R. Co. v. Martin,* 178 U.S. 245, 247-48, S. Ct. 854, 855, 44 L.Ed. 1055 (1900).  See also, *In re Federal Sav. & Loan Ins. Corp.*, 837 F.2d 432, 434 (11th Cir. 1988); *Russell Corp.,* 264 F.3d at 1049 (11th Cir. 2001); *English v. Unum Life Ins. Co. of Am.,* 2010 U.S. Dist. LEXIS 84711 (M.D. Fla. June 21, 2010).  At the time of the filing of the notice of removal, three Defendants had been properly served, WOT, AII, and David Stadler.  However, the notice of removal was filed on behalf of only two of these three Defendants.

Although the proof of service had not been submitted to the state court for Mr. Stadler, for WOT and AII to assume that they were the only ones served when there are other named defendants is a bit presumptuous.  Although not required to, had WOT's and AII's counsel contacted the Plaintiffs' counsel, they would have been apprised of service on Mr.

Stadler. Counsel would have also been apprised of the fact that Plaintiffs were preparing to file an amended complaint in state court to remove Mr. Stadler and add three other defendants, one of whom is non-diverse. Instead, WOT and AII filed an unnecessary and time consuming notice of removal and motion to dismiss. As a result, the filing of that amended complaint was foreclosed due to the notice of removal filed by WOT and AII.

Since the notice of removal was procedurally defective by not including all defendants that were served, this Court should remand the case to the state court.

## II. **The notice of removal is deficient on its face and provides no objective basis for removal.**

The fact that WOT and AII speculated that Plaintiffs' damages are in excess of $75,000 is patently insufficient to provide the required objective basis for removal. The notice of removal contains no evidence of the amount in controversy. Instead, WOT and AII asserts that "the harm Plaintiffs allege to have suffered implicate damages substantially in excess of $75,000."

In their notice of removal, WOT and AII rely solely on speculation and cite an obscure case that is not on point, *Coton v. Televised Visual X-Ography, Inc.,* 2010 U.S. Dist. LEXIS 96887 (M.D. Fla. Sept. 16, 2010). The *Coton* case did not involve diversity jurisdiction or evidence of the amount in controversy. The plaintiff filed the original complaint in federal court. The defendant did not defend and a default judgment was entered against the defendant. The only issue address in *Coton* was a determination of the appropriate amount of damages to award the plaintiff on her claims arising from the defendants' unauthorized use of her photograph on the packaging of their pornographic movie. The court stated,

> [t]he plaintiff's requested award of $100,000 is reasonable and adequate compensation for this harm…. Accordingly, the plaintiff will be awarded $100,000 for the humiliation and mental anguish caused by the defendants' defamatory use of her self-portrait.

*Coton* at *35-36.

The amount of damages awarded in *Coton* were based on the specific facts of that case and is not at all relevant to show that Plaintiffs' damages in the current case will meet the jurisdictional minimum of $75,000. In the notice of removal, WOT and AII attempt to equate the *Coton* court's determination of the reasonableness of plaintiff's requested damages to Plaintiffs' unspecified damages in the current matter. Not only is WOT's and AII's reliance on *Coton* misplaced, they have totally ignored the binding precedent on this issue.

The Eleventh Circuit of Appeals has been consistent and clear in its rulings on cases where the state court complaint alleges unspecified damages, the party petitioning for removal must show objective facts to support the contention that the amount in controversy is sufficient to invoke the federal court's jurisdiction and therefore support removal of the case to federal court. The Eleventh Circuit has examined multiple cases involving the standard required to support removal of a state court case when the plaintiff's damages allegations are not specific.

In *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, (11th Cir. 1996) *overruled on other grounds*, *Cohen v. Office Depot, Inc.,* 204 F.3d 1069, 1072 (11th Cir. 2000); *Williams v. Best Buy Co.*, 269 F.3d 1316 (11th Cir. 2001) and *Lowery v. Alabama Power Co.,* 483 F.

3d 1184 (11th Cir. 2007)[1], *cert. denied*, *128 S. Ct. 2877, 171 L. Ed. 2d 812 (2008)*, the Eleventh Circuit held that bald allegations of the sufficiency of the amount in controversy are facially insufficient for a defendant to meet their burden of establishing the amount in controversy. The Eleventh Circuit has repeatedly held that if jurisdictional damages are not specified in the complaint, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence. *Tapscott at 1356-57; Williams at 1318;* and *Lowery at 1208*. A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden. *Williams at 1320. See also, Sibilia v. Makita Corp.,* 674 F. Supp. 2d 1290, 1292 (M.D. Fla. 2009).

In order to meet its burden of proof that the jurisdictional amount is satisfied, the notice of removal, including the documents received by defendants from plaintiffs, must unambiguously establish federal jurisdiction. *Lowery at 1213; Sibilia at 1292*. The *Sibilia* court went on to state,

> The [Lowery] court cautioned that if the jurisdictional amount is not clear and unambiguous from the face of, or readily deducible from, the removing documents, then "the court must remand." *Id. at 1211*. Therefore, under the approach adopted in *Lowery*, jurisdiction "is either evident from the removing documents or remand is appropriate." *Id.* The defendant and the court may not speculate about the amount in controversy, nor should the district court's jurisdiction be "divined by looking to the stars." *Id. at 1215*.

*Sibilia at 1292*.

It is clear that under the holdings of *Tapscott, Williams,* and *Lowery,* WOT and AII's unsubstantiated claim that "the harm Plaintiffs allege to have suffered implicate damages

---

[1] Although Lowery was decided in a Class Action Fairness Act case, its holding is not limited to that context. *Rae v. Perry*, 2009 U.S. LEXIS 102876, fn 3 (USDC Fl 2009) *affirmed*, *Rae v. Perry*, 2010 U.S. App. LEXIS 17209 (August 16, 2010). See also, *Sibilia v. Makita Corp.*, 674 F. Supp. 2d 1290, fn 1

substantially in excess of $75,000" is insufficient on its face to invoke this Court's jurisdiction. As a result, Plaintiffs' motion to remand should be granted.

### III. **Plaintiffs are entitled to an award of attorneys' fees and costs.**

Since under clearly established precedent, WOT and AII had no objectively reasonable basis for seeking removal, Plaintiffs are entitled to an award of attorneys' fees and costs.

Under 28 U.S.C. §1447(c) an order remanding a case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. As the United States Supreme Court stated in *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704; 163 L. Ed. 2d 547 (U.S. 2005), "the standard for awarding fees should turn on the reasonableness of the removal. Courts may award attorney's fees under §1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."

Although the awarding of costs and fees does not require a determination of bad faith, counsel is held to the good faith standard of *Fed. Rules Civ. Proc. R. 11*. Addressing this issue in *Lowery*, the Eleventh Circuit stated, in part,

> As we have noted, a removing defendant's counsel is bound by *Rule 11* to file a notice of removal only when counsel can do so in good faith. We think it highly questionable whether a defendant could ever file a notice of removal on diversity grounds in a case such as the one before us - where the defendant, the party with the burden of proof, has only bare pleadings containing unspecified damages on which to base its notice - without seriously testing the limits of compliance with *Rule 11*.

*Lowery*, 483 F. 3d 1184, fn 63.

The *Lowery* court went on to state,

> To the extent the defendant does obtain knowledge of the claims' value, it will generally come from the plaintiff herself in the form of information in an "other paper." *See § 1446(b)*. This is so because a plaintiff who has chosen to file her case in state court will generally wish to remain beyond the reach of federal jurisdiction, and as a result, she will not assign a specific amount to the damages sought in her complaint. In such a case, like the case before us, the defendant would need an "other paper" to provide the grounds for removal under the second paragraph of *§ 1446(b)*. In the absence of such a document, the defendant's appraisal of the amount in controversy may be purely speculative and will ordinarily not provide grounds for his counsel to sign a notice of removal in good faith.

*Lowery*, 483 F. 3d 1184, fn 63.

Had WOT and AII's counsel conducted legal or factual research, the non removability of this case was or should have been obvious. WOT's and AII's removal was not objectively reasonable and was not filed in good faith. The notice of removal was procedurally defective and did not produce facts supporting the existence of federal subject matter jurisdiction.

## **CONCLUSION**

The notice of removal filed by WOT and AII was procedurally defective and lacked an objectively reasonable basis for seeking removal. As a result, this Court should grant Plaintiffs' motion to remand and award attorneys' fees and costs incurred as a result of the removal.

### **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)**

I certify that I spoke with counsel for WOT and AII, Harvey Gurland on December 21, 2010 and Sandra A. Jeskie on December 22, 2010, in a good faith effort to resolve the issues raised by the motion and opposing counsel opposes the relief sought in the motion.

Respectfully submitted this 3rd day of January, 2011,

/s/Myra P. Nicholson
Myra P. Nicholson, Esq.
Florida Bar No.: 0710024
Myra Nicholson, P.A.
1701 Park Center Drive, Suite 100
Orlando, Florida 32835
Phone:  407-803-4729
Facsimile:  407-803-5861
Email:  myra@mnicholson-law.com

Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of January, 2011, I electronically filed the forgoing with the Clerk of Court by using the CM/ECF system which will send a Notice of Electronic Filing to the following: Harvey W. Gurland, Jr., Duane Morris, LLP, 200 S. Biscayne Blvd, Suite 3400 Miami, FL 33131-2318 and Warren Daniel Zaffuto, Duane Morris, LLP, 200 S. Biscayne Blvd, Suite 3400, Miami, FL 33131-2318 and I further certify that I emailed the foregoing document and the notice of electronic filing to the following non-CM/ECF participant: Sandra A. Jeskie, Duane Morris, LLP, 30 South 17th Street, Philadelphia, PA 19103-4196.

/s/Myra P. Nicholson
Myra P. Nicholson