**UNITED STATES DISTRCIT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**CAREER NETWORK, INC., et al,**
        **Plaintiffs,**

v.                                                  **Case No. 6:10-cv-01826-GAP-KRS**

**WOT SERVICES, LTD, et al,**
        **Defendants.**

**PLAINTIFFS' MOTION FOR LEAVE TO DROP AND SUBSTITUTE PARTY
DEFENDANTS AND TO FILE AN AMENDED COMPLAINT
<u>WITH INCORPORATED MEMORANDUM OF LAW</u>**

COMES NOW Plaintiffs, Career Network, Inc., Three Stars Media, Inc., Three Stars, Inc. (doing business in Florida as Threestars of Central Florida, Inc.), Internetcompany, Inc. (doing business in Florida as Internet-Company of Central Florida, Inc.), Power Applications, Inc., MonkeyJar, Inc., and Buzzgrub, Inc. (collectively "Plaintiffs") by and through their undersigned attorney, and hereby file this motion for leave to drop and substitute party defendants and to file an amended complaint and as grounds therefore states as follows.

**<u>BACKGROUND</u>**

This litigation arises out of defendants online defamation of Plaintiffs and entities and persons associated with Plaintiffs ("Associates"). Defendants have posted and continue to post false and defamatory statements designed to intentionally attack and discredit Plaintiffs and Associates on the Internet.

On October 7, 2010, Plaintiffs filed their Complaint in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida Case No. 2010-CA-022724-O alleging defamation, interference with business relationships, trade libel, civil conspiracy, fraudulent misrepresentation, misleading advertising, and violations of the Florida Deceptive and Unfair

Trade Practices Act ("FDUTPA") against WOT Services, Ltd. ("WOT"), Against Intuition, Inc. ("AII"), Esa Suurio, Vesa Perälä, Sami Tolvahen, and Timo Ala-Kleemola David Stadler, and John and Jane Does 1 through 100.

On October 20, 2010 service was effectuated on Defendant, David Stadler. On November 18, 2010, service was effectuated on Defendants WOT and AII.

On December 9, 2010, WOT and AII filed their notice of removal based on diversity of citizenship. On December 14, 2010, WOT and AII filed a motion to dismiss pursuant to Rule 12(b)(6) and 12(b)(3).

## ARGUMENT

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleadings once as a matter of course within 21 days of either a responsive pleading or a Rule 12(b) motion. WOT and AII filed a Rule 12(b) motion on December 14, 2010. Plaintiffs are within the 21 day window and have not exercised their right to amend the complaint as a matter of course. If WOT and AII had not filed a notice of removal, Plaintiffs would have the right to amend the complaint without leave of court.

Rule 21 of the Federal Rules of Civil Procedure provides in relevant part that parties may be added or dropped by order of the court on motion of any party at any stage of the action and on such terms as are just. Rule 20(a) of the Federal Rules of Civil Procedure further provides that persons may be joined in one action as defendants if there is asserted against them a right to relief in respect of a series of occurrences and if any question of law or fact common to all defendants will arise.

Plaintiffs propose dropping the WOT and AII employees, Esa Suurio, Vesa Perälä, Sami Tolvahen, and Timo Ala-Kleemola, substituting David Raynard for David Stadler, and

substituting Conrad Longmore and Melanie Ashraf for two of the Doe Defendants. All of the defendants that Plaintiffs propose to add are individuals who post defamatory statements about Plaintiffs on the WOT website. The relief sought against these proposed defendants is based on the same set of occurrences and the questions of law and fact that will arise are common to all defendants. A copy of the proposed amended complaint is attached to this motion.

Plaintiffs have decided to drop any actions they may have against the individual WOT and AII employees, Esa Suurio, Vesa Perälä, Sami Tolvahen, and Timo Ala-Kleemola and only pursue the entities. Plaintiffs propose substituting Mr. Raynard for Mr. Stadler due to a mistake in identity. After Plaintiffs learned that the person using the screen name "g7w" was in fact Mr. Raynard and not Mr. Stadler, Plaintiffs decided to amend their state court complaint to correct the error. Since Plaintiffs were amending the state court complaint and had also discovered the identity of two of the Doe Defendants, instead of issuing Doe summons, Plaintiffs decided to substitute Conrad Longmore and Melanie Ashraf, a non-diverse defendant, for two of the Doe Defendants. However, the filing of the amended complaint was foreclosed due to the notice of removal filed by WOT and AII.

In *Espat v. Espat*, *56 F. Supp.2d 1377, 1382 (M.D. Fla. 1999)*, this Court, citing to *Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir 1987),* stated that "[l]eave to amend a complaint shall be freely given when justice so requires. However, where adding a defendant will destroy diversity jurisdiction, the motion for leave to amend must be given greater scrutiny". (internal citations omitted). The court then listed the factors a district court should consider in determining whether to allow a plaintiff to add a non-diverse defendant including the following: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in asking for the amendment; (3) whether plaintiff will be

significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities. *Hengens, 833 F.2d at 1182*. See also, *Wilson v. Target Corp.*, 2010 U.S. Dist. LEXIS 96399 at *11-12 (S.D. Fla. Sept. 14, 2010); *Langee v. State Farm Mut. Auto. Ins. Co.*, 2008 U.S. Dist. LEXIS 111562 at *4-5 (M.D. Fla. July 8, 2008).

### 1. The extent to which the purpose of the amendment is to defeat federal jurisdiction.

Although the amendment substituting Ms. Ashraf for a Doe Defendant will defeat federal jurisdiction, that is not the reason for Plaintiffs' request for leave to file an amended complaint. Plaintiffs intend to substitute Mr. Raynard for Mr. Stadler to correct an identity error. As stated above, after Plaintiffs decided to amend the complaint to make this substitution, Plaintiffs decided to substitute Conrad Longmore and Melanie Ashraf, for two Doe Defendants. Allowing Plaintiffs to amend their complaint to drop the individual WOT and AII employee defendants, substitute one named defendant for another named defendant to correct an error, and substitute two named defendants, one who is non-diverse, for two Doe Defendants is appropriate and would conserve both federal and state judicial resources.

### 2. Whether plaintiff has been dilatory in asking for the amendment.

This matter is still in the very early stages of litigation. Plaintiffs filed their complaint in state court on October 7, 2010. On December 9, 2010, WOT and AII filed their notice of removal based on diversity of citizenship. Since WOT and AII are residents of Finland, service must be effectuated through the Hague Convention which can take a considerable amount of time. Because of the difficulties in serving a foreign defendant, Plaintiffs delayed in filing the amended complaint in state court until such time as service on WOT and AII was confirmed.

The only activity that has occurred in this case by any defendants is the notice of removal and a motion to dismiss filed by WOT and AII. WOT and AII will not be prejudiced if

Plaintiffs' motion for leave to drop and substitute parties and to file an amended complaint is granted.

### 3. Whether plaintiff will be significantly injured if amendment is not allowed.

Plaintiffs will be significantly injured if the amendment is not allowed.  Plaintiffs have not exercised their right to amend the complaint once as a matter of course as set forth in Fed. R. Civ. P. 15(a).  If this motion is denied, WOT and AII have in essence stripped Plaintiffs of this right granted under both the federal and state rules of civil procedure by filing a notice of removal prior to Plaintiffs filing an amended complaint.

If this motion is not granted, Plaintiffs will be required to file multiple lawsuits to attempt to redress the wrongs inflicted by the Defendants collectively.  Plaintiffs will be forced to prosecute two cases based on the same facts and circumstances.

Additionally, the conspiracy between WOT, AII and the individuals who post defamatory matter on the WOT website is a critical component of Plaintiffs case.  If this case is bifurcated into two cases it may be impossible for Plaintiff to pursue all of the causes of action contained in the current action.

### 4. Any other factors bearing on the equities.

In this case, if substitution of the three defendants is not allowed, Plaintiffs will be required to prosecute two lawsuits based on the same facts and circumstances, one in federal court and one in state court.   Additionally, as stated above Plaintiffs may also not be able to pursue all of the causes of action available to them against the defendants collectively if the Plaintiffs cannot pursue all defendants in one action.

All of the factors enunciated by this court in *Espat* favor granting Plaintiffs' motion to drop and substitute parties and for leave to amend the complaint.

**CONCLUSION**

As the equities in granting the motion to drop and substitute party defendants align in Plaintiffs favor and since Plaintiffs have not exercised their right to amend their complaint once as a matter of course, Plaintiffs' motion for leave to drop and substitute party defendants and to amend the complaint should be granted.

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)**

I certify that I spoke with counsel for WOT and AII, Harvey Gurland on December 21, 2010 and Sandra A. Jeskie on December 22, 2010, in a good faith effort to resolve the issues raised by the motion and opposing counsel opposes the relief sought in the motion.

Respectfully submitted this 3rd day of January, 2010,

/s/Myra P. Nicholson
Myra P. Nicholson, Esq.
Florida Bar No.: 0710024
Myra Nicholson, P.A.
1701 Park Center Drive, Suite 100
Orlando, Florida 32835
Phone: 407-803-4729
Facsimile: 407-803-5861
Email: myra@mnicholson-law.com

Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 3rd day of January, 2011, I electronically filed the forgoing with the Clerk of Court by using the CM/ECF system which will send a Notice of Electronic Filing to the following: Harvey W. Gurland, Jr., Duane Morris, LLP, 200 S. Biscayne Blvd, Suite 3400 Miami, FL 33131-2318 and Warren Daniel Zaffuto, Duane Morris, LLP, 200 S. Biscayne Blvd, Suite 3400, Miami, FL 33131-2318 and I further certify that I emailed the foregoing document and the notice of electronic filing to the following non-CM/ECF participant: Sandra A. Jeskie, Duane Morris, LLP, 30 South 17th Street, Philadelphia, PA 19103-4196.

/s/Myra P. Nicholson
Myra P. Nicholson