**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

---

**CAREER NETWORK, INC., et al,**

     **Plaintiffs,**     **Case No. 6:10-cv-01826-GAP-KRS**

  **v.**

**WOT SERVICES, LTD, et al.,**

     **Defendants.**

---

**DEFENDANTS WOT SERVICES, LTD AND AGAINST INTUITION, INC.'S**
**OPPOSITION TO PLAINTIFFS' MOTION TO DROP AND SUBSTITUTE PARTY**
**DEFENDANTS AND TO FILE AN AMENDED COMPLAINT**

Defendants WOT Services, Ltd. ("WOT Services") and Against Intuition, Inc. ("AII") (collectively, "WOT Defendants"), submit this Memorandum of Law in Opposition to the Motion of Plaintiffs Career Network, Inc., Three Stars Media, Inc., Three Stars, Inc. d/b/a Threestars of Central Florida, Inc., Internetcompany, Inc. d/b/a Internet-Company of Central Florida, Inc., Medialogic, Inc., Power Applications, Inc., MonkeyJar, Inc., and Buzzgrub, Inc. (collectively, "Plaintiffs"), to Drop and Substitute Party Defendants and to File an Amended Complaint.

**I.      INTRODUCTION**

Plaintiffs' attempt to add Melanie Ashraf, a resident of Florida, as a Defendant in this lawsuit is nothing more than an obvious attempt to defeat diversity jurisdiction. The Court is required to closely scrutinize an amendment that seeks to add a party that would destroy diversity jurisdiction after removal and deny leave to amend unless strong equities support the amendment. The motion to add Ms. Ashraf does not satisfy that standard.

Plaintiffs were aware of Ms. Ashraf's identity when they filed suit on October 7, 2010, but chose not to sue Ms. Ashraf at that time.  Rather, they decided to name her as a Defendant only after WOT Defendants removed this case.  In attempting to add her as a Defendant now, Plaintiffs have failed to make any specific factual allegations against her in connection with the WOT website and this suit.  The two users specifically identified in the original Complaint are respectively alleged to have made *thousands* of forum posts and to have rated *thousands* of websites, including Plaintiffs' websites, whereas Ms. Ashraf has made exactly *two* forum posts and has *not* rated a single website on the WOT website.

Courts have recognized that the very purpose of the removal statute is to give diverse defendants the option of choosing the federal forum.  WOT Defendants (Finnish companies) have a strong interest in continuing in this forum and such interest would be undermined if Plaintiffs' strategic amendment were permitted.  By comparison, Plaintiffs have failed to identify any prejudice that they would suffer if they are denied the ability to amend the Complaint to include Ms. Ashraf as a Defendant.

Accordingly, for the reasons set forth more fully below, Plaintiffs' motion must be denied to the extent it seeks to Ms. Ashraf as a Defendant.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   Procedural Background

Plaintiffs filed this action against WOT Defendants in Ninth Judicial Circuit in and for Orange County, Florida, on October 7, 2010.  In their Complaint, Plaintiffs advance nine theories of liability, all of which seek to hold WOT Defendants liable for statements made by third-party

users on WOT Defendants' Web of Trust website, www.mywot.com, and the ratings that are generated from those third-party statements.

After being served on November 18, 2010, WOT Services filed a timely notice of removal on December 7, 2010 (Doc. No. 1), which was amended on December 9, 2010 (Doc. No. 3), to clarify that it was also being brought on behalf of AII, which is actually the same company as WOT Services.

On December 14, 2010, WOT Defendants filed a Motion to Dismiss the Complaint. (Doc. No. 7.)  In that Motion to Dismiss, Defendants argued that Plaintiffs' claims are barred by the Communications Decency Act of 1996 ("CDA"), 47 U.S.C. § 230, which preempts attempts to hold website operators, like WOT Defendants, from liability for content posted by third-party users, and that Plaintiffs' entire Complaint is based on vague and conclusory allegations and fails to allege essential elements of their claims.

Plaintiffs moved to stay consideration of WOT Defendants' Motion to Dismiss until after the Court ruled on yet-to-be-filed Motions to Drop and Substitute Party Defendants and Remand. (Doc. No. 10.)  This Court denied that motion on January 2, 2011 (Doc. No. 13.)  Despite this order and despite the fact that Plaintiffs' opposition to WOT Defendants' Motion to Dismiss is now long overdue, Plaintiffs have yet to file any opposition to that motion.

On January 3, 2011, Plaintiffs filed a Motion to Drop and Substitute Party Defendants and to File an Amended Complaint.  (Doc. No. 15.)  Specifically, in the proposed First Amended Complaint (the "Proposed Amended Complaint"), attached as Exhibit A to that Motion, Plaintiffs seek to add or rename certain Defendants and to drop as Defendants the individual

WOT employees who are yet to be served.[1]  Among the proposed changes, Plaintiffs seek to

correct the name of a Defendant whom Plaintiffs previously misidentified.  Plaintiffs incorrectly

identified the WOT user "g7w" as David Stadler, but now want to correct the name to David

Raynard.  Plaintiffs also want to amend the Complaint to identify one of the Doe Defendants

previously identified in the Complaint as user "difrawi_difrawy" whom Plaintiffs now want to

identify as Conrad Longmore.  Notably, Plaintiffs previously filed suit against Mr. Longmore in

this district, but they ultimately abandoned their claims against him by dropping him in an

amended complaint.  *See Difrawi v. Henderson*, No. 6:07-cv-1854-Orl-22KRS (M.D. Fla.).

Neither the replacement of Mr. Raynard (a resident of Ohio) for the individual misidentified as

Mr. Stadler, or the replacement of Mr. Longmore (a resident of the United Kingdom) for one of

the Doe Defendants will have any impact on this Court's jurisdiction.

>  **B.      Plaintiffs Allege Knew Of Ms. Ashraf's Identity Long Before They Filed
>            Their Initial Complaint**

Plaintiffs seek to add a non-diverse defendant, Melanie R. Ashraf, who Plaintiffs contend

is a WOT user under the name "melanierose29." .  It appears from publically available

information that Ms. Ashraf is a former dissatisfied customer of Plaintiff Career Network.

Specifically, a year ago Ms. Ashraf appeared on a television news report on Channel 9 in the

central Florida area, in which an investigative journalist reported on complaints concerning

Plaintiffs.  *See* News Report, Action 9 Investigates MetroWest Company Advertising Jobs:  Job

Seekers Claim a New Company in MetroWest Is Advertising Jobs that Don't Even Exist (Jan.

---

[1] Although not mentioned in Plaintiffs' motion, it appears that the Proposed Amended Complaint also makes minor alterations to the substantive allegations, but none of these changes is sufficient withstand WOT Defendants' pending motion to dismiss.

22, 2010), *available at* http://www.wftv.com/video/22318192/index.html.  Ms. Ashraf appeared in that television news story claiming that she had been lured by Plaintiffs with advertisements for job postings that did not actually exist.  Apparently Ms. Ashraf has also filed a complaint against Plaintiffs with the Better Business Bureau.

Around the same time as Ms. Ashraf's appearance on the Channel 9 news report and the filing of her Better Business Bureau complaint, posts began to appear on various internet websites (not the WOT website), claiming that Ms. Ashraf was a realtor who "runs a really shady operation" and accusing her of committing various frauds.  *See* Report: Melanie Ashraf ,Ripoff Report (Jan. 14, 2010), *available at* http://www.ripoffreport.com/realtors/melanie-ashraf/melanie-ashraf-mortgage-ident-a74cd.htm.  In her response (again, posted on websites other than the WOT website) Ms. Ashraf apparently contends that these reports are false and were posted by Plaintiffs in retaliation for her BBB complaint and the appearance in the Channel 9 news report.  *See id.*  It appears that an employee of Career Network also posted on these other websites, explaining that "Career Network is aware that Melanie Ashraf filed a complaint with the Better Business Bureau against our company" and wanted to "address this situation and set the record straight."  *Id.*  On these other websites, Career Network contended that Ms. Ahsraf was a dissatisfied customer who applied for multiple positions with their company, but was not qualified for those positions.  *Id.*  Career Network made similar statements to the Channel 9 news reporter.

C.      <u>To The Extent There Is Any Dispute Between Ms. Ashraf And Plaintiffs, It Has Nothing To Do With The Allegations In The Complaint Or The WOT Website</u>

Plaintiffs' Complaint is directed to alleged third party defamatory statements on the WOT website and the WOT algorithm which generates website ratings from such statements. Ms. Ashraf was not then, and has never been, an active user of the WOT website. According to her WOT user profile, since registering for the WOT website in January 2010, those are the *only* two posts Ms. Ashraf has ever made. *See* Exhibit A. Moreover, Ms. Ashraf has not rated a single website. *Id.*

Specifically, in isolated posts on the WOT forum in January 2010, other WOT users were commenting on the aforementioned news report and Ms. Ashraf's story as reported on these *other* websites. Compl. Ex. I at p. 2-3. Ms. Ashraf's full name and links to websites discussing this story appeared on the face of these forum posts. *Id.* Under the username "melanierose29," Ms. Ashraf apparently registered for the WOT website and made two brief posts in response, one in which she asked about another individual who the users indicated had also been defamed in retaliation by Plaintiffs and another in which she states "I was the one on the news" and briefly restates her story as had already appeared on other websites. *Id.* By comparison, Plaintiffs allege that the other proposed new defendant, Mr. Raynard, has been a WOT user since November 2008, has made 548,675 posts and rated 522,824 websites, and proposed new defendant, Mr. Longmore, has been a WOT user since March 2009, has made 4,421 forum posts and rated 5,928 websites. Proposed Amended Complaint ¶¶ 44, 51.

Two things are abundantly clear from this record: (1) Plaintiffs knew of Ms. Ashraf's identity long before they filed their initial complaint; (2) and to the extent there is any dispute

between Ms. Ashraf and Plaintiffs, it has nothing to do with the allegations in the Complaint

involving the WOT website.  Notwithstanding these facts, Plaintiffs now seek to add Ms. Ashraf

as a Defendant in this lawsuit and thereby have this case remanded for lack of diversity.

## III.    ARGUMENT

It is evident that Plaintiffs' effort to add Ms. Ashraf as a Defendant is nothing more than

an improper attempt to defeat diversity jurisdiction.  Although Plaintiffs repeatedly reference

their alleged right to amend under Fed. R. Civ. P. 15(a), "when a plaintiff seeks to join a party

that would destroy diversity jurisdiction after removal, the analysis begins with 28 U.S.C.

1447(e), rather than the liberal amendment standards of Rule 15(a)."  *Wade v. Dolgencorp, LLC*,

2009 U.S. Dist. LEXIS 108908, at *3 (M.D. Fla. Oct. 14, 2009) (citing *Ingram v. CSX Transp.,

Inc.*, 146 F.3d 858, 862 (11th Cir. 1998)); *see also Mehta v. N.Y. Life Ins. Co.*, 2009 U.S. Dist.

LEXIS 129065, at *5 (M.D. Fla. June 30, 2009), *adopted by* 2009 U.S. Dist. LEXIS 65097

(M.D. Fla. July 28, 2009).  This rule also applies "when the complaint is amended to replace

'John Doe' defendants with defendants identified by name."  *Wade*, 2009 U.S. Dist. LEXIS

108908, at *3.  "Section 1477 (e) requires the Court to evaluate the prejudice to the parties and to

exercise its discretion to either to deny joinder, or to permit joinder and remand the case to state

court."  *Antoine v. State Farm Mut. Auto. Ins. Co.*, 2009 U.S. Dist. LEXIS 6494, at *5-6 (M.D.

Fla. Jan. 14, 2009) (*citing Ingram*, 146 F.3d at 862).

"When faced with such a motion, a district court 'should scrutinize [the requested]

amendment more closely than an ordinary amendment.'"  *Estate of Duckworth v. State Farm

Mut. Auto. Ins. Co.*, 2008 U.S. Dist. LEXIS 12610, at *3 (M.D. Fla. Feb. 20, 2008) (*quoting

Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)); *see also Antoine*, 2009 U.S.

Dist. LEXIS 6494, at *7 ("Such greater scrutiny of a proposed amendment is warranted when a plaintiff seeks to add a non-diverse defendant after removal.").  The Court "should deny leave to amend unless strong equities support the amendment."  *Wilson v. Target Corp.*, 2010 U.S. Dist. LEXIS 96399, at *12 (S.D. Fla. Sept. 14, 2010).  "In particular, the court should consider several factors, including: '(1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in asking for amendment; (3) whether plaintiff will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities.'"  *Wade*, 2009 U.S. Dist. LEXIS 108908, at*4-5 (*quoting Hensgens*, 833 F.2d at 1182).  These factors all weigh against permitting Plaintiffs to add Ms. Ashraf as a Defendant.

**A.      The Sole Purpose of the Amendment To Add Ashraf As a Defendant Is To Defeat Federal Jurisdiction**

On the face of the Proposed Amended Complaint, it is clear that Plaintiffs have no claim against Ms. Ashraf related to the allegations against the other Defendants involving the WOT website, and are proposing to join her as a Defendant solely to defeat federal jurisdiction.

**1.      Plaintiffs Were Well Aware of Ms. Ashraf Before This Suit Was Filed**

"In making their determination as to the first factor, courts look to see whether the plaintiff was aware or should have been aware of the nondiverse defendant at the time the suit was filed."  *Wade*, 2009 U.S. Dist. LEXIS 108908, at *5.  It is obvious that Plaintiffs were aware of Ms. Ashraf when they filed suit on October 7, 2010.  She appeared in a television news story about Plaintiffs ten months before they filed suit.  That Ms. Ashraf was the user "melanierose29" was clear from the face of the forum messages at issue.  *See* Compl. Ex. I at p. 2-3.  That this information was known to Plaintiffs when the filed suit, but that Plaintiffs purposefully did not

seek to name her as a Defendant at that time is thus clear evidence that Plaintiffs are seeking to

add her now only to defeat diversity.  *See, e.g.*, *Mehta*, 2009 U.S. Dist. LEXIS 129065, at *8

(explaining that the "timing of the amendment" was "highly suspicious" because when "'a

plaintiff seeks to add a nondiverse defendant immediately after removal but before any

additional discovery has taken place, district courts should be wary that the amendment sought is

for the specific purpose of avoiding federal jurisdiction'") (*quoting Mayes v. Rapoport*, 198 F.3d

457, 463 (4th Cir. 1999)); *Burr v. Philip Morris, USA*, 2008 U.S. Dist. LEXIS 44150, at *5-6

(M.D. Fla. May 28, 2008) (denying motion where "[a]lthough knowing the identity and potential

liability of the alleged co-conspirators . . . when filing the complaint, the plaintiff initially chose

to sue only [two of the defendants]" and moved to join the other defendants only after it

appeared that it would defeat diversity, which "evidence[d] proposed amendment's intention,

first and foremost, to defeat federal jurisdiction"); *Vazquez v. Lowe's Home Ctrs., Inc.*, 2007

U.S. Dist. LEXIS 2777, at *3 (M.D. Fla. Jan. 11, 2007) (denying motion for leave to amend

where "[f]rom the face of the complaint, it is apparent that [plaintiff] knew of the Doe defendants

at the time the incident occurred" and "[t]he fact that Plaintiffs seek to add the non-diverse

defendants only after [defendant] removed the case to federal court 'strongly indicates that the

purpose of the [Plaintiffs] amendment is to defeat federal jurisdiction'") (citations omitted).

> ### 2.      Plaintiffs Have No Colorable Claim Against Ms. Ashraf In This Case

The tactical nature of attempting to name Ms. Ashraf as a Defendant is evident when the

allegations against her are considered against the allegations against the other WOT users who

have been or are proposed to be named as Defendants.  In determining whether a resident

defendant is sought to be added in order to defeat diversity, courts also consider the doctrine of

fraudulent joinder, which is shown when there is no possibility that the plaintiff can state a colorable claim against the resident defendant.  *See, e.g.*, *Wade, LLC*, 2009 U.S. Dist. LEXIS 108908, at \*6-7; *Nebula Glass Int'l, Inc. v. Reichhold*, Inc., 2002 U.S. Dist. LEXIS 28043, at \*7-8 (S.D. Fla. Oct. 15, 2002).  Plaintiffs make no specific allegations against Ms. Ashraf and do not appear to state a valid cause of action against her in connection with the WOT website.  *See* Proposed Amended Complaint ¶¶ 59-63.  Ms. Ashraf has only been a member of the WOT website since January 2010, in that time she has made exactly two posts and has not rated a single website.  *See* Ex. A.  In comparison, the two users specifically identified in the original complaint are respectively alleged to have made thousands of forum posts and to have rated thousands of websites, including Plaintiffs' websites.  Proposed Amended Complaint ¶¶ 43-58.

In sum, given that Plaintiffs chose not to sue Ms. Ashraf when filing the original complaint despite having knowledge of her identity, decided to name her as a Defendant only after WOT Defendants removed this case, and have failed to make any specific allegations against her in connection with the WOT website, it is obvious that the purpose of proposing to add her as a Defendant is solely to defeat diversity.

### B.       Plaintiffs Are Dilatory In Seeking The Amendment Because They Knew Of Ashraf's Identity Prior To Filing The Complaint

Plaintiffs' explanation that they were simply waiting until after WOT Services and AII were served to file the amended complaint in state court rings hollow in light of the fact that the Notice of Removal was filed 19 days after those Defendants were served.  In any event, there is absolutely no reason that Plaintiffs could not have named Ms. Ashraf a Defendant when they originally filed the complaint in state court on October 7, 2010.  Unlike some of the other WOT users, Ms. Ashraf's name appeared expressly on the face of the forum messages and Plaintiffs

were well aware of her identity at least in January 2010 when she appeared in a television news story concerning Plaintiffs' business practices.

Courts have found plaintiffs to be dilatory in naming a non-diverse defendant where they knew of that defendant's identity when the originally filed the complaint, but did not seek to add that defendant until after removal. *See, e.g.*, *Henry v. K-Mart Corp.*, 2010 U.S. Dist. LEXIS 134499, at *6 (M.D. Fla. Dec. 9, 2010) (determining "that [plaintiff] has been dilatory in her request to amend the complaint" where "[t]here appears to be no valid reason for [her] failure to add [the non-diverse defendant] as a defendant at the commencement of this suit.'); *Mehta*, 2009 U.S. Dist. LEXIS 129065, at *9 (finding delay where "there was no valid reason given for not joining the nondiverse defendants at the beginning of the state suit"); *Antoine*, 2009 U.S. Dist. LEXIS 6494, at *9 (finding delay where "[t]here appears to be no valid reason for the Plaintiff's failure to join non-diverse [defendant] at the commencement of the suit in state court" when plaintiff knew of their existence at that time). For this reason, Plaintiffs have been dilatory in attempting to add Ms. Ashraf as a Defendant in this case and this factor weighs in favor of denying Plaintiffs' motion.

C.     **Plaintiffs Will Not Be Significantly Injured If Amendment Is Not Allowed**

Plaintiffs have failed to identify any prejudice that they would suffer if they are denied the ability to amend the Complaint to include Ms. Ashraf as a Defendant. Indeed, each of the examples of alleged prejudice does not constitute prejudice at all and is legally insufficient to overcome a diverse defendants' entitlement to a federal forum.

First, Plaintiffs argue that they will effectively be denied their right to amend the complaint as a matter of course under Fed. R. Civ. P. 15(a). Pls.' Motion at 5. Plaintiffs'

reliance on their right to amend under Rule 15(a) is misplaced because, as mentioned above, in the context of an amendment to join an additional non-diverse defendant after removal in an effort to defeat the existing diverse defendants' right to a federal forum, Rule 15(a) has no application. *See, e.g., Ingram*, 146 F.3d at 862; *Wade*, 2009 U.S. Dist. LEXIS 108908, at *3; *Mehta*, 2009 U.S. Dist. LEXIS 129065, at *5.

Second, Plaintiffs make the misguided argument that if the motion is not granted they will be required to file multiple suits. Pls.' Motion at 5. Contrary to Plaintiffs' assertions, courts have ruled that the ability to file a separate lawsuit against the non-diverse defendant in state courts alleviates rather than creates prejudice to the plaintiff. *See, e.g.*, *Henry*, 2010 U.S. Dist. LEXIS 134499, at *6 ("[T]he Court determines that [plaintiff] will not be unduly prejudice by the denial of the motion to amend because she may pursue her claims against [the non-diverse defendant] in state court."); *Estate of Duckworth*, 2008 U.S. Dist. LEXIS 12610, at *5-6 (finding the plaintiff "will not be significantly prejudiced if amendment is disallowed, since the [plaintiff] remains free to sue the [non-diverse party proposed to be added] in state court"). Rather, "[i]n determining whether a plaintiff would be prejudiced by not permitting the amendment, the court should consider whether the diversity destroying defendants are 'indispensable' to Plaintiff's case pursuant to Fed. R. Civ. P. 19." *Vazquez*, 2007 U.S. Dist. LEXIS 2777, at *4; *see also Antoine*, 2009 U.S. Dist. LEXIS 6494, at *10 ("The Plaintiff will not be significantly prejudiced if amendment denied, in that [the non-diverse defendant] is not an indispensable party, and the Plaintiff is free to pursue any claims against [the non-diverse defendant] in state court." (footnote omitted)). Plaintiffs cannot satisfy this standard with regard to Ms. Ashraf.

12

Indeed, there is no merit to Plaintiffs' contention that a separate lawsuit against Ms. Ashraf would even be "based on the same facts and circumstances" as the suit against the remaining Defendants. Unlike the other WOT users identified in the Complaint, Ms. Ahsraf has not rated any of Plaintiffs' websites on the WOT website. She only made an isolated comment on a forum, duplicative of statements she made elsewhere, which is personal to her. Whether that statement is true or defamatory will not depend upon the accusations against any of the other Defendants. Indeed, to the extent there is any dispute between Ms. Ashraf and Plaintiffs, it has little to do with the WOT website and likely to involve substantially different and unrelated facts, including Ms. Ashraf's statements on the Channel 9 news report and her allegations that Plaintiffs retaliated against her, which will only burden this litigation. If anything, in the interest of judicial economy, the addition of these unrelated claims and defenses to this case cautions against granting Plaintiffs' motion. *See Estate of Duckworth*, 2008 U.S. Dist. LEXIS 12610, at *5-6 (denying motion to amend where injecting new issues "into this case would unduly complicate the litigation" and "[w]hile this may result in two lawsuits, that result is entirely appropriate —indeed, preferable— in this particular circumstance").

Finally, Plaintiffs argue that an alleged conspiracy is a "critical component of their case and that if there are two separate actions, "it may be impossible for Plaintiff to pursue all of the causes of action contained in the current action." Pls.' Motion at 5. There is no merit to this argument. First, it is well settled law that alleged co-conspirators are not indispensible parties. *See, e.g.*, *MS Dealer Serv. Corp. v. Franklin*, 177 F.3d 942, 946 (11th Cir. 1999). Second, the Proposed Amended Complaint is devoid of any plausible, non-conclusory allegations of any conspiracy involving Ms. Ashraf and any of the other Defendants sufficient to withstand

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949  (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Indeed, as set forth in WOT Defendants' Motion to Dismiss, Plaintiffs allegations of a conspiracy as to any Defendant are wholly insufficient.  There is no support for depriving Defendants of their statutorily provided federal forum based on such speculative and wholly unsupportable allegations.  Any allegation of prejudice is significantly lessened by the high likelihood Plaintiffs have no arguable claim against Ms. Ashraf, at least based on the allegations set forth in the Proposed Amended Complaint.  *See Wade*, 2009 U.S. Dist. LEXIS 108908, at *10 ("Plaintiffs will not be significantly prejudiced if the amendment is denied, and any potential prejudice is significantly lessened by the existence of the very high probability that Plaintiffs have no arguable claim against [the proposed non-diverse defendant] . . . ."); *Antoine*, 2009 U.S. Dist. LEXIS 6494, at *10 ("Prejudice to the Plaintiff also is lessened by the existence of genuine questions regarding whether she may maintain a malicious prosecution action against [the resident defendant]").

In sum, Plaintiffs will not be prejudiced if they are not permitted to add Ms. Ashraf as a Defendant in this action.  This is particularly true considering the circumstances set forth above where Plaintiffs were well aware of Ms. Ashraf's identity prior to filing the initial complaint, are obviously seeking to add her solely to destroy diversity.  Any claim against Ms. Ashraf is unrelated to the claims against the remaining Defendants and can be pursued in another forum if Plaintiff chooses to do so.

   **D.**   **WOT Defendants' Interests In Retaining A Federal Forum Requires That Leave To Amend Be Denied**

Finally, the balance of equities requires that leave to amend be denied.  "'In balancing the equities, the parties do not start out on an equal footing' . . . . because of the diverse defendant's

14

right to choose between a state or federal forum."  *Wilson*, 2010 U.S. Dist. LEXIS 96399, at \*12

(citations omitted); *see also Vazquez*, Inc., 2007 U.S. Dist. LEXIS 2777, at \*4-5.  "Giving

diverse defendants the option of choosing the federal forum is the very purpose of the removal

statutes." *Wilson*, 2010 U.S. Dist. LEXIS 96399, at \*13; *see also Hensgens*, 833 F.2d. at 1181.

Thus, the WOT Defendants have strong interest in having this case be litigated in federal court.

*See Wade*, 2009 U.S. Dist. LEXIS 108908, at \*11 (recognizing that "as a diverse defendant,

[defendant] has an interest in retaining the federal forum"); *Estate of Duckworth*, 2008 U.S. Dist.

LEXIS 12610, at \*6 ("Finally, insofar as the equities are concerned, [defendant] has an

undeniable and substantial interest in continuing in this federal forum.").  Plaintiffs have not

identified any equities that overcome WOT Defendants' interest in continuing in this forum.  To

the extent Plaintiffs assert any "competing interest in maintaining [their] chosen forum" that

interest "is trumped by the removal statute." *Estate of Duckworth*, 2008 U.S. Dist. LEXIS

12610, at \*6.

Given WOT Defendants' strong interest in litigation in this forum, and, in light of the

overwhelming evidence that purpose of adding Ms. Ashraf as a Defendant is being proposed

solely to defeat diversity, Plaintiffs' motion must be denied.

## IV.  CONCLUSION

For the foregoing reasons, WOT Defendants respectfully request that this Court deny

Plaintiffs' Motion to Drop and Substitute Party Defendants to the extent it seeks to replace one of

the Doe Defendants with Melanie R. Ashraf.

Dated:  January 18, 2011

*Of Counsel:*

Sandra A. Jeskie
(admitted *pro hac vice*)
jeskie@duanemorris.com
Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103-4196
Telephone:  215.979.1395
Facsimile:  215.979.1020

**DUANE MORRIS LLP**
200 South Biscayne Boulevard, Suite 3400
Miami, Florida 33131
Telephone: 305.960.2200
Facsimile:  305.960.2201


         s/ Warren D. Zaffuto
Harvey W. Gurland, Jr., P.A.
Florida Bar No.:  284033
HWGurland@duanemorris.com
Warren D. Zaffuto
Florida Bar No. 0743461
WDZaffuto@duanemorris.com

*Counsel for Defendant WOT Services, Ltd. and
Against Intuition, Inc.*

16

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 18th day of January, 2011, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF which will send a notice of electronic filing to the following:   **Myra P. Nicholson, Esq.**, Myra Nicholson, P.A., 1743 Park, Center Drive, Orlando, Florida 32825.

   s/ Warren D. Zaffuto      \_\_

Warren D. Zaffuto

DM1\2462161.1