UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CAREER NETWORK, INC., et al,

        Plaintiffs,             Case No. 6:10-cv-01826-GAP-KRS

    v.

WOT SERVICES, LTD, et al.,

        Defendants.

## UNOPPOSED MOTION TO ALLOW TELEPHONE CONFERENCE TO PREPARE CASE MANAGEMENT REPORT

Defendants WOT Services, Ltd. and Against Intuition, Inc. (collectively, "WOT Defendants"), submit this Unopposed Motion to Allow a Telephone Conference among counsel to Prepare the Case Management Report, and respectfully states as follows:

1. On December 10, 2010, the Court entered a Related Case Order and Track Two Notice (DE 5) designating this matter as a Track Two case.

2. Pursuant to Local Rule 3.05(c)(2)(B), in cases designated as Track Two cases, "[c]ounsel and any unrepresented party shall meet within 60 days after service of the complaint upon any defendant, or the first appearance of any defendant, regardless of the pendency of any undecided motions, for the purpose of preparing and filing a Case Management Report. . . Unless the Court orders otherwise, parties represented by counsel are permitted, but are not required, to attend the case management meeting. . ."

3. The Court's standard form for case management reports further provides that for purposes of the Local Rule 3.05(c)(2)(B) meeting, "[l]ead counsel must meet *in person* and not by telephone absent an order permitting otherwise."

4. The deadline for the required meeting among counsel is February 5, 2010.[1]

5. WOT Defendants' counsel has sought and obtained agreement from the Plaintiffs' counsel to conduct the Local Rule 3.05(c)(2)(B) meeting by telephone. Lead counsel for both parties have agreed to participate in a conference call at 11:00 a.m. on Wednesday, January 26, 2011 in order to prepare the Case Management Report.

6. WOT Defendants believe that all necessary issues for the parties' Case Management Report can efficiently and expeditiously be addressed during a telephone conference call among lead counsel. Moreover, a conference call will also serve to reduce the costs and time to be incurred to prepare the Case Management Report.

7. Accordingly, there are sufficient grounds for the Court to permit the parties to conduct the Local Rule 3.05(c)(2)(B) meeting by telephone.

### **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)**

8. The undersigned counsel certifies that counsel for WOT Defendants has contacted counsel for Plaintiffs, and that Plaintiffs have no objection to the relief sought in this Motion.

WHEREFORE, Defendants WOT SERVICES, LTD. and AGAINST INTUITION, INC. respectfully request that the Court grant their Motion to Allow a Telephone Conference among counsel to Prepare the Case Management Report.

---

[1] This deadline is based upon the date of removal.

| | |
|---|---|
| Dated:  January 24, 2011 | **DUANE MORRIS LLP** |
| | 200 South Biscayne Boulevard, Suite 3400 |
| *Of Counsel:* | Miami, Florida 33131 |
| | Telephone: 305.960.2200 |
| Sandra A. Jeskie | Facsimile: 305.960.2201 |
| (admitted *pro hac vice*) | |
| jeskie@duanemorris.com | |
| Duane Morris LLP |     s/ Warren D. Zaffuto |
| 30 South 17th Street | Harvey W. Gurland, Jr., P.A. |
| Philadelphia, PA 19103-4196 | Florida Bar No.:  284033 |
| Telephone:  215.979.1395 | HWGurland@duanemorris.com |
| Facsimile:  215.979.1020 | Warren D. Zaffuto |
| | Florida Bar No. 0743461 |
| | WDZaffuto@duanemorris.com |

*Counsel for Defendant WOT Services, Ltd. and Against Intuition, Inc.*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 24th day of January, 2011, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF which will send a notice of electronic filing to the following:  **Myra P. Nicholson, Esq.**, Myra Nicholson, P.A., 1743 Park, Center Drive, Orlando, Florida 32825.

                                                  s/ Warren D. Zaffuto
                                                        Warren D. Zaffuto