**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CAREER NETWORK, INC; THREE STARS MEDIA, INC.; THREE STARS, INC., dba Threestars of Central Florida, Inc.; INTERNETCOMPANY, INC., dba Internet-Company of Central Florida, Inc.; MEDIALOGIC, INC.; POWER APPLICATIONS, INC.; MONKEYJAR, INC.; and BUZZGRUB, INC.,**

        **Plaintiffs,**

-vs-                                             Case No. 6:10-cv-1826-Orl-31KRS

**WOT SERVICES, LTD.; AGAINST INTUITION, INC.; ESA SUURIO; VESA PERALA; SAMI TOLVAHEN; TIMO ALA-KLEEMOLA; DAVID STADLER, aka g7w; and JOHN AND JANE DOES 1 THROUGH 100,**

        **Defendants.**

## ORDER

This matter comes before the Court on the Motion for Remand (Doc. 14) filed by the Plaintiffs and the response (Doc. 18) filed by the Defendants.

Based on the allegations in the Complaint (Doc. 2), the Plaintiffs are a group of American corporations with their principal places of business in Florida. The identified Defendants are two Finnish corporations and five individuals alleged to be responsible for or participating in an online community-ratings service known as the "Web of Trust." The service is intended to identify trustworthy and untrustworthy sites on the World Wide Web, based in part on feedback from a

community of individuals who have visited the sites. Save for Defendant David Stadler ("Stadler"), who is identified as a resident of Ohio, the identified Defendants are alleged to be residents of Finland.

The Plaintiffs contend that the Defendants are responsible for false and damaging information that has been posted about the Plaintiffs on the Web of Trust website. Most of the individual Defendants are alleged to be employees of the Web of Trust service. (Doc. 18 at 4). The Plaintiffs assert that Stadler, using the screen name "g7w", is one of the individuals posting negative information about the Plaintiffs. (Doc. 2 at 3, 5). In particular, the Plaintiffs alleged that Stadler/g7w had accused them of "ongoing criminal and fraudulent activity." (Doc. 2 at 8).

The Plaintiffs filed this suit in state court on October 7, 2010, asserting claims for defamation, tortious interference, trade libel, conspiracy, defamation, false advertising, and violations of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§501.201 *et seq*. The Plaintiffs served Defendants WOT Services, Ltd. ("WOT Services") and Against Intuition, Inc. ("AII") on November 18, 2010. (Doc. 3 at 2). Alleging that no other defendant had yet been served, WOT Services and AII removed the case to this Court on December 7, 2010.[1] (Doc. 1).

The Plaintiffs now seek remand, alleging that the removal was procedurally improper, because Stadler had been served prior to the removal but did not join in or consent to it.

## II.     Legal Standards

The general removal statute, 28 U.S.C. § 1441, provides in pertinent part that

---

[1] Initially, the notice of removal was filed only on behalf of WOT Services. (Doc. 1 at 1). An amended notice filed two days later clarified that AII was another trade name for WOT Services, that service on WOT Services had therefore accomplished service on AII, and that both had removed the case. (Doc. 3 at 2).

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).  As a general, rule all defendants must consent to removal.  *Russell Corp. v. American Home Assur. Co.*, 264 F.3d 1040, 1044 (11th Cir. 2001).  Nominal or formal defendants, however, need not do so.  *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Local 349*, 427 F.2d 325, 327 (5th Cir. 1970).  Similarly, defendants that have not yet been served need not join in or consent to removal.  *Pullman Co. v. Jenkins*, 305 U.S. 534, 540, 59 S.Ct. 347, 350, 83 L.Ed. 334 (1939).

### III.    Analysis

According to the proof of service filed with the Plaintiffs' motion, Stadler was served on October 20, 2010, almost a month before the Removing Defendants were served.  (Doc. 14-1 at 1).  The Plaintiffs did not file the proof of service on Stadler prior to the removal.  However, as Stadler had actually been served prior to removal, his consent to that removal was required – unless an exception applied.  *See*, *e.g.*, *Beltran v. Monterey County*, 2009 WL 585880 (N.D.Cal. 2009) (holding that plaintiff's failure to file proof service did not excuse removing party's failure to obtain co-defendant's consent, rendering removal procedurally defective).

Simultaneous with the filing of the instant motion, the Plaintiffs filed a motion for leave to amend their complaint (Doc. 15).  In that motion, the Plaintiffs seek, among other things, to "substitute" an individual named David Raynard ("Raynard") for Stadler, on the grounds that they have determined that Raynard, not Stadler, was the person posting as "g7w".  (Doc. 15 at 3).  The Removing Defendants argue that because Stadler was

incorrectly identified, and because he has "no connection to this suit," he should be considered a "nominal" defendant – one whose consent is not required for removal. (Doc. 18 at 6).

WOT Services and AII are correct that nominal defendants need not consent to removal. But Stadler is not a nominal defendant. Black's defines a nominal defendant as "[a] party who, having some interest in the subject matter of a lawsuit, will not be affected by any judgment but is nonetheless joined in the lawsuit to avoid procedural defects." *Black's Law Dictionary* 1145 (7th ed. 1999). *See also Tri-Cities Newspapers,* 427 F.2d at 327 (reciting tests for determining whether a named defendant is a nominal party, such as asking if the defendant's "role in the law suit is that of a depositary or stakeholder" or if court can enter a final judgment "consistent with equity and good conscience which would not be in any way unfair or inequitable to plaintiff" in absence of that defendant). Stadler does not fit into any of these categories. As things now stand, the Plaintiffs cannot assert a viable claim against him. However, he was sued because the Plaintiffs sought to recover damages from him. His role in this case is not like that of, for example, the disinterested stakeholder in a garnishment action.

The Removing Defendants contend that a defendant may be considered nominal "when there is no possible cause of action against the defendant, there is no reasonable basis for liability against that defendant, or no relief is sought against that defendant." (Doc. 18 at 6). This confuses cause and effect. Although nominal defendants do possess these qualities, they are a consequence of their status, not the creator of it. The Court also notes that Stadler would not qualify as a nominal defendant using the Removing Defendants' proposed test.

The Plaintiffs' may be unable to obtain relief as against Stadler, but they were seeking it nonetheless.

In consideration of the foregoing, the Court finds that Stadler's failure to consent rendered the removal improper, and remand is required.  In connection with the remand, the Plaintiffs seek an award of attorneys' fees and costs.  They argue that the Removing Defendants "had no objectively reasonable basis for seeking removal."  (Doc. 18 at 8).  Had the removal occurred in the face of a properly docketed notice of service of process on Stadler, the Court might well agree with the Plaintiffs.  In the absence of such a notice, however, the Court does not find that an award of fees and costs would be proper.

**ORDERED** that the Motion for Remand is **GRANTED IN PART AND DENIED IN PART**, as set forth above, and this case is **REMANDED** to the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida.  The Clerk is directed to close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on February 3, 2011.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party